ROBBINS GELLER RUDMAN
  & DOWD LLP
TRAVIS E. DOWNS III (148274)
JAMES I. JACONETTE (179565)
CHRISTOPHER D. STEWART (270448)
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
travisd@rgrdlaw.com
jamesj@rgrdlaw.com
cstewart@rgrdlaw.com

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: 610/225-2677
610/225-2678 (fax)

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION | Master File No. 08-cv-03800-GAF(MANx) |
| This Document Relates To:<br><br>ALL ACTIONS. | **PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Confidentiality Agreement and [Proposed] Protective Order ("Stipulation") filed on May 2, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those

- 1 -

terms have been substantively modified by the Court's amendment of Paragraphs 3, 4, 5, 6, 7, and 10 of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "CONFIDENTIAL," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "CONFIDENTIAL," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "CONFIDENTIAL," or other designation(s) used by parties, does not — **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** — constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND THE TREATMENT OF CONFIDENTIAL INFORMATION.**

### TERMS OF PROTECTIVE ORDER
1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action **may** involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Counsel for the parties to this action desire to expedite the flow of discovery material and facilitate the prompt resolution of disputes over confidentiality. The parties also acknowledge that the protection this Order affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. Accordingly, the parties **have stipulated to the entry of** the following Protective Order (the "Order").

**2. DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.2 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.3 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.7 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, without limitation, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or California Civil Code §3426.1.

2.9 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.10 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.11 <u>House Counsel</u>: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12 <u>Outside Counsel</u>: attorneys who are not employees of a Party to this action, but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation and any participants in a focus group, mock trial, or research connected with case preparation.

2.14 <u>Vendor</u>: a person or entity which provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits, or demonstrations, and organizing, storing, or retrieving data in any form or medium) and its employees and subcontractors.

2.15 <u>Electronic Data</u>: information stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks, or tapes).

**3. SCOPE**

The protections conferred by this Order cover Protected Material, including: (a) any information copied or extracted from Protected Material; (b) any copies, excerpts, summaries, or compilations of Protected Material; and (c) any **deposition** testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order shall not apply to documents or information which: (i) **were** in the public domain at the time of disclosure or became part of the public domain after disclosure, not as a

result of a violation of this Order; or (ii) **were** discovered independently and lawfully by the Receiving Party.

This Order is binding on all Parties to this action, on all Non-Parties who have agreed to be bound by this Order, and on all others who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court. This Order is intended to be consistent with the Court's Standing Order Re: Protective Orders and Treatment of Confidential Information ("Standing Order"), and no Party to this agreement may interpret this Order in a manner inconsistent with the Court's Standing Order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of: (a) dismissal of all claims and defenses in this action, with or without prejudice; **or** (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court retains jurisdiction over this action for enforcement of the provisions of this Order following the final disposition of this litigation.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Designation of Confidentiality</u>.

(a) All documents and information produced by a party (the "Producing Party") in conjunction with this litigation that contain confidential research, development, or competitively sensitive current commercial information, or documents or information containing the personal bank account numbers or social security numbers of individuals, or that the Producing Party and its counsel

believes otherwise qualifies for protection under Fed. R. Civ. P. 26(c) or Cal. Civ. Code §3426.1, may be designated "CONFIDENTIAL" by that party.

(b) A party may designate as "CONFIDENTIAL" information contained in documents that are in the possession of and are produced by a third-party to the extent that the documents contain the party's Confidential information, if that information was transmitted by the party to the third-party pursuant to an agreement of confidentiality.

(c) The designating party shall have a good faith basis for the designation of information **or items** as "CONFIDENTIAL." Designations shall not be made for any improper purpose (*e.g.*, to unnecessarily encumber or hinder the case development process or to impose unnecessary expenses and burdens on other parties).

(d) If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for protection, that Designating Party shall promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. **Disclosure or Discovery Material** may be designated "CONFIDENTIAL" within the meaning of this Order in the following ways:

(a) Documents: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(b) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), the Designating Party will affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(c) Depositions: For testimony given in deposition, counsel for the Producing Party or the witness producing such information shall identify on the record, before the close of the deposition, all protected testimony. When it is impractical to do so, and when it appears that substantial portions of the **deposition** testimony qualify for protection, the Producing Party may invoke on the record (before the deposition is concluded) a right to have up to 20 days after receipt of the transcript of the testimony in which to identify the specific portions of the testimony as to which protection is claimed. The entire deposition transcript (including exhibits) shall be treated as Confidential Information under this Order until the expiration of the 20-day period, except that the deponent may review the transcript during the 20-day period. Thereafter, only those portions of the **deposition** testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order. If **deposition** testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential except as ordered by the Court.

(d) Interrogatory Answers (or portions thereof) and Responses to Requests for Admissions (or portions thereof) designated confidential: Counsel for

the Producing Party will place a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL." In addition, counsel for the Producing Party will place the "CONFIDENTIAL" legends on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information.

(e) Electronic Data: With respect to Electronic Data designated confidential, Counsel for the Producing Party will designate the Electronic Data as "CONFIDENTIAL" in a cover letter identifying the information generally and will also mark the Electronic Data with the appropriate designation. Whenever a Receiving Party reduces such material to hardcopy form, such party shall retain on said hard copies any legends affixed to said material pursuant to Section 5.2(b); however, in the case of any document or information that is produced in its native format and for which the confidentiality designation is indicated in the native document's file name and in the cover letter accompanying the document (rather than affixed to said material), the Receiving Party shall mark the hardcopy form with the legends provided in the native document's file name. Whenever any Confidential Electronic Data is copied into another file, all such copies shall also be marked "CONFIDENTIAL" as appropriate.

(f) For information **or items** produced in some form not described in Sections 5.2(a)-(e), the Producing Party shall designate confidential material as such by affixing in a prominent place the legend "CONFIDENTIAL" as appropriate. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>.

(a) The inadvertent or unintentional disclosure by the Producing Party of Confidential Information **or Items** without the appropriate designation at the time of disclosure shall not be deemed a waiver in whole or in part of the

Producing Party's claim of confidentiality as to the specific information **or item(s)** disclosed. Upon learning of an inadvertent or unintentional disclosure of Confidential Information **or Items** without the appropriate designation, the Producing Party shall, within 14 days, notify all Parties, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation and promptly supply copies of such materials with the appropriate designations. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. This Section does not apply, however, to testimony given in deposition that the Party or Non-Party offering or sponsoring the testimony fails to designate for protection in accordance with Section 5.2(c) of this Agreement.

(b) The inadvertent production or disclosure of documents in the course of discovery in this action shall be governed by all applicable legal principles and shall not, in and of itself, be deemed to waive whatever attorney-client privilege, work-product protection, statutory confidentiality, or other privilege or immunity that would otherwise attach to the document. The Producing Party or person, promptly after discovery, shall notify the other Party or Parties of the claim of privilege or other protection or immunity. Upon such notice, the Receiving Party shall promptly return or destroy the original and all copies (both hard and electronic) of the inadvertently disclosed materials. The return or destruction of any documents claimed to be inadvertently produced shall not constitute an acknowledgement that the claimed documents or information are in fact privileged or entitled to protections or immunity.

(c) A Party's compliance with the terms of this Order shall not operate as an admission that any particular document, **information, or item** is or is not: (i) confidential, (ii) privileged, or (iii) admissible in evidence at trial.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may initiate a challenge to a designation of confidentiality at any time up to the close of expert discovery. A Party shall act in good faith and reasonably to challenge a designation it believes to be in error.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a "CONFIDENTIAL" designation must do so **reasonably and** in good faith and must confer directly with Counsel for the Designating Party pursuant to Local Rule 37-1. In conferring, the Challenging Party must explain the basis for its belief that the "CONFIDENTIAL" designation **is** not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process, or otherwise establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. The parties shall have ten days from the initial notification of a challenge to complete the meet and confer process.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to lift confidentiality, pursuant to Local Rules, within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a statement that affirms that the movant has complied with the meet and confer requirements imposed in the preceding Section.

If a challenge is initiated, the Designating Party will have the burden to establish that the designation is proper. Frivolous challenges, and those made for improper purposes (*e.g.*, to harass or impose unnecessary expenses and burdens on the other Parties) may expose the Challenging Party to sanctions. Notwithstanding any challenge to the designation of material as Protected Material, all such **designated materials** shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (a) the Designating Party withdraws such designation in writing; or (b) the Court rules the material is not Protected Material.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this case and only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section **12**, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel, including Outside Counsel of Record and House Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court, or any other court exercising jurisdiction with respect to this litigation (including appellate courts), and its personnel;

(e) court reporters or videographers and their staff, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) any Party;

(g) the present or former officers or directors of any Party;

(h) witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A). Confidential Information or **Items** may be disclosed to a witness who refuses to sign the "Agreement to Be Bound By Protective Order" (Exhibit A), provided that: (i) the disclosure is made for a proper purpose related to this action; (ii) Counsel for the party using the Confidential Information **or Items** endeavors in good faith to redact or handle the Confidential Information **or Items** in such a manner as to disclose no more Confidential Information **or Items** than is reasonably necessary in order to examine the witness; (iii) the witness is not permitted to retain the Confidential Information **or Items** after the witness is examined regarding the Confidential Information **or Items**; and (iv) the witness is informed that the Confidential Information **or Items are** protected by an Order from the Court and by federal and state law, and that misuse, misappropriation, or wrongful disclosure of any Confidential Information **or Items** might subject him or her to the Court's jurisdiction as well as to civil and/or criminal liability. A deposition witness may

review the entire deposition transcript and exhibits thereto in order to review and **attach any necessary changes to the deposition transcript** pursuant to Fed. R. Civ. P. 30(e) **("deposition review")**. In the case of a deposition witness who refuses to sign the "Agreement to be Bound By Protective Order" (Exhibit A) and who is not a person or entity in categories 7.2(f)-(g), the Producing Party may object to the deponent reviewing a Confidential deposition exhibit in connection with the **deposition review** by filing a motion for relief with the Court, and the disclosure of the Confidential deposition exhibit for purposes of the **deposition review** may not be made until the Producing Party withdraws its motion, or the Court rules on the Producing Party's motion or the motion of any party seeking relief in connection with the Producing Party's objection or the **deposition review**. If the Producing Party makes such a motion, the Producing Party may simultaneously offer the deponent the opportunity to review the entire deposition transcript and exhibits thereto in the offices of the Producing Party's Counsel, and shall cooperate with counsel for the deposing party to allow that counsel (or counsel's support staff) be present during the **deposition review**. Witnesses who are shown Confidential Information **or Items**, who will not sign the "Agreement to Be Bound By Protective Order," shall not be allowed to retain copies of the "CONFIDENTIAL" Information or Items in connection with the **deposition review**.

    (i)  the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information; and

    (j)  any other person only upon order of the Court or upon prior written consent of the Producing Party.

  7.3  Documents and materials filed with the Court.

    (a)  **If any Party should desire to include any Confidential Information or Item in any papers filed with the Court, the party shall file an application, in accordance with the requirements of Local Rule 79-5, and**

**provide the requisite showing, based on competent evidence, of "good cause" or "compelling reasons," for a Court order allowing such papers to be filed under seal pursuant to Federal Rule of Civil Procedure Rule 5.2(d).**

(b) Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

7.4 <u>Non-Application of Order</u>. The restrictions set forth above shall not apply to documents or information designated Confidential which: (a) were, are, or become public knowledge, not in violation of this Order; or (b) were or are discovered independently by the receiving party.

7.5 <u>Use of Confidential Information at Trial or Hearing</u>. The restrictions, if any, that will govern the use of Confidential Information at trial or hearings will be determined at a later date by the Court, **upon proper and timely application to the Court made in advance of the trial or hearing.**

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Information or Items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify, telephonically and in writing, the Designating and Producing Parties. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating or Producing Party whose Protected Material may be

affected. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the Party served with the subpoena complies with the processes stated in Sections 8(a) and (b), above.

(d) If the Designating or Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify, telephonically and in writing, the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

**10. PRESERVATION OF RIGHTS**

10.1 <u>Modification</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any Information or Item on any ground not addressed in this Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

    10.3    <u>No Waiver</u>. Entering into, agreeing to, and/or producing or receiving material designated as "CONFIDENTIAL," or otherwise complying with the terms of this Order shall not:

    (a)    operate as an admission by any Party that any particular material designated as "CONFIDENTIAL" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of "CONFIDENTIAL" Information;

    (b)    operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information **or item** deemed by any Party to be "CONFIDENTIAL";

    (c)    prejudice in any way the rights of a party to seek a determination by the Court whether any information or **item** should be subject to the terms of this Order;

    (d)    prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Information **or Item**;

    (e)    prevent the Parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or **item**;

    (f)    limit a Party's ability to grant Non-Parties access to its own documents, information, **and/or item**; and

    (g)    be deemed to waive any applicable privilege or work-product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection.

**11.  APPLICATION TO NON-PARTIES**

This Order shall apply to any Non-Party who is obligated to provide discovery, by deposition, production of documents or otherwise, in this litigation, if that Non-Party requests the protection of this Order and signs the "Agreement to Be Bound by the Protective Order" (Exhibit A).

**12.  FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or, if the Producing Party's Counsel is so informed, destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work-product, and consultant and expert work-product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

/ / /

/ / /

/ / /

/ / /

/ / /

13. **TIME PERIODS**

All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

**IT IS SO ORDERED.**

Dated:  May 12, 2011   _____
                                    MARGARET A. NAGLE
                           UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Central District of California on May 12, 2011, in the case of *In re MRV Communications, Inc. Derivative Litigation*, Master File No. 08-cv-03800 GAF (MANx) (C.D. Cal.). I understand that the Order, a copy of which has been given to me, prohibits me from disclosing in any manner any information or items subject to the Order to any person or entity except in strict compliance with the provisions of the Order. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____