ROBBINS GELLER RUDMAN
  & DOWD LLP
TRAVIS E. DOWNS III (148274)
JAMES I. JACONETTE (179565)
CHRISTOPHER D. STEWART (270448)
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
travisd@rgrdlaw.com
jamesj@rgrdlaw.com
cstewart@rgrdlaw.com

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO
22 Cassatt Avenue
Berwyn, PA  19312
Telephone:  610/225-2677
610/408-8062 (fax)

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| In re MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION ) ) ) | Master File No. 1:08-cv-03800-GAF(MANx) |
| ———————————————— ) | STIPULATION OF SETTLEMENT |
| This Document Relates To: ) ) | |
| ALL ACTIONS. ) ) ) | |
| ———————————————— ) | |

818792_1

This Stipulation of Settlement dated March 1, 2013 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in ¶1.19 hereof), each by and through their respective counsel: (i) plaintiffs Warren Rubin IRA and Donald Gautreaux ("Federal Plaintiffs") on behalf of themselves and derivatively on behalf of MRV Communications, Inc. ("MRV" or the "Company"); (ii) plaintiff Jing Ke ("State Plaintiff") on behalf of himself and derivatively on behalf of MRV; (iii) the Individual Defendants (defined below in ¶1.9); and (iv) nominal party MRV.  The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined in ¶1.17), upon and subject to the terms and conditions hereof. Capitalized terms not otherwise defined shall have the definitions set forth in §§1.1-1.24 below.

## I.   PROCEDURAL HISTORY

On June 10, 2008, an action entitled *Warren Rubin, et. al. v. Shlomo Margalit, et al.*, No. 2:08-cv-03800-GAF-RC (the "*Rubin* Action") was filed in the United States District Court for the Central District of California (the "Federal Court").  On August 15, 2008, the second action entitled *Donald Gautreaux v. Shlomo Margalit, et al.*, No. 2:08-cv-05382-SJO-AJW (the "*Gautreaux* Action") was filed in the Federal Court.  On July 3, 2008, the action entitled *Ke v. Margalit, et al.*, No. BC393856 (the "State Action") was filed in the Superior Court of the State of California, County of Los Angeles.

On December 1, 2008, the Federal Court consolidated the *Rubin* and *Gautreaux* Actions and styled the consolidated action *In re MRV Communications Derivative Litigation*, No. 2:08-cv-03800-GAF (MANx) (the "Federal Action"). On January 30, 2009, the Federal Plaintiffs filed the Amended Consolidated Verified Complaint (the "Amended Complaint").  On February 8, 2010, State Plaintiff filed his Amended Complaint (the "State Amended Complaint").

- 1 -

1    The Federal Action and the State Action (collectively, the "Actions") each
2  allege claims on behalf of MRV against certain current and former officers and
3  directors of MRV, arising from or relating to the alleged improper granting of
4  stock options at MRV.

5    On January 29, 2010, nominal party MRV moved to dismiss the Amended
6  Complaint pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil
7  Procedure and Delaware law.  On May 10, 2010, the Federal Court denied MRV's
8  motion to dismiss.  On July 19-20, 2010, the Individual Defendants filed motions
9  to dismiss the Amended Complaint.[1]  On December 27, 2010, the Federal Court
10 granted in part and denied in part the Individual Defendants' motions to dismiss.
11 On March 22, 2010, MRV filed its demurrer to the State Amended Complaint.
12 State Plaintiff filed his opposition to the demurrer on May 3, 2010, but MRV later
13 withdrew its demurrer in light of the denial of MRV's motion to dismiss the
14 Federal Action.  On July 28, 2010, the Individual Defendants demurred to the State
15 Amended Complaint.  These demurrers were denied in part and granted in part by
16 Order dated September 29, 2010.

17    MRV and the Individual Defendants filed answers to the amended
18 complaints in the Actions in January of 2011.  The parties to the Actions engaged
19 in discovery following the denial of the motions to dismiss and demurrers.  On
20 November 17, 2011, nominal party MRV filed a motion to stay discovery, which
21 the Federal Court denied on December 22, 2011.

22    On November 8, 2011, the Company's Board of Directors resolved to create
23 a Special Litigation Committee ("SLC") to consider MRV's historical stock option

---

[1]    The Amended Complaint also named as defendants Near Margalit and
Michael Blust, however, pursuant to the relevant parties' stipulation, the Federal
Court dismissed without prejudice all claims against Near Margalit and Michael
Blust on July 27, 2010, and August 24, 2010, respectively.

1   practices, including without limitation the matters asserted in the Actions.  The

2   Board of Directors delegated to the SLC full authority and power to control and

3   determine MRV's response to the Actions and the claims asserted therein. The

4   SLC is currently comprised of Kenneth Traub and Robert M. Pons.  Each of the

5   SLC members is an independent, non-executive director and none of the SLC

6   members is a defendant in the Actions.

7       Certain parties, including counsel for the Federal Plaintiffs, the State

8   Plaintiff, and MRV, conducted their first mediation session in November 2009.

9   Certain parties held further mediation sessions in February and June 2010.  The

10  Settling Parties held a mediation session in June 2012.  In late December 2012, the

11  parties agreed to accept a settlement proposal from the mediator to fully resolve the

12  Actions.

13      On January 2, 2013, the parties to the Federal Action filed a stipulation with

14  the Federal Court, seeking a stay of discovery during the pendency of the parties'

15  settlement efforts.  The State Action parties filed a similar stipulation on January 2,

16  2013.  On January 4, 2013, the Federal and State Courts issued orders staying

17  discovery.

18  **II.   CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT**

19

20      Plaintiffs (defined below in ¶1.14) believe that the claims they have asserted

21  in the Actions on behalf of MRV have merit and that the factual allegations in the

22  actions are accurate.  Moreover, nothing in this Stipulation shall be construed as an

23  admission or concession by Plaintiffs that any of their claims lack merit.  Plaintiffs,

24  however, recognize and acknowledge the expense and length of continued

25  proceedings necessary to prosecute the Actions against the Individual Defendants

26  through trial and through appeals.  Plaintiffs' Counsel (as defined in ¶1.15) have

27  also taken into account the uncertain outcome and the risk of any litigation,

28  especially in complex actions such as the Actions, as well as the difficulties and

818792_1

delays inherent in such litigation.  Plaintiffs' Counsel are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Actions or which may be asserted.  Based on their evaluation, Plaintiffs and their counsel have determined that the settlement set forth in the Stipulation is in the best interests of MRV.  Plaintiffs' Counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon MRV.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Individual Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Plaintiffs in the Actions.  The Individual Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the events, conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions, and contend that many of the factual allegations in the Actions are materially inaccurate.  The Individual Defendants also have denied and continue to deny, *inter alia*, the allegations that the Plaintiffs, MRV or its stockholders have suffered damage, or that the Plaintiffs, MRV or its stockholders were harmed by the conduct alleged in the Actions or otherwise.  The Individual Defendants have further asserted that at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of MRV and its stockholders.  Pursuant to the terms set forth below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by the Individual Defendants with respect to any claim of fault, liability, wrongdoing, or damage whatsoever.

Nonetheless, the Individual Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Actions.  Therefore, they have determined that it is desirable and beneficial that the Actions, and all of the Settling Parties' disputes related thereto, be fully and finally

- 4 -

1  settled in the manner and upon the terms and conditions set forth in this

2  Stipulation.

3    The SLC and MRV believe that the settlement set forth in this Stipulation

4  confers substantial benefits upon MRV and that the settlement and each of its

5  terms are in the best interests of MRV.

6  **IV. TERMS OF STIPULATION OF SETTLEMENT**

7    NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by

8  and among the Plaintiffs (for themselves and derivatively on behalf of MRV), the

9  Individual Defendants, and MRV by and through their respective counsel or

10  attorneys of record that, subject to all necessary court approvals, and in exchange

11  for the consideration set forth below, the Actions and the Released Claims shall be

12  fully, finally and forever compromised, settled and released, and the Actions shall

13  be dismissed with prejudice and with full preclusive effect as to all Settling Parties,

14  upon and subject to the terms and conditions of this Stipulation, as follows.

15    **1. Definitions**

16    As used in this Stipulation the following terms have the meanings specified

17  below.  In the event of any inconsistency between any definition set forth below

18  and any definition set forth in any document related to the settlement set forth in

19  this Stipulation, the definitions set forth below shall control.

20    1.1 "Actions" means, collectively, the Federal Action and the State

21  Action.

22    1.2 "Defendants" means nominal party MRV and the Individual

23  Defendants.

24    1.3 "Effective Date" means the first date by which all of the events and

25  conditions specified in ¶6.1 of the Stipulation have been met and have occurred.

26

27

28

818792_1

1.4    "Federal Action" means the consolidated action entitled *In re MRV Communications, Inc. Derivative Litigation*, Master File No. 1:08-cv-03800-GAF(MANx)

1.5    "Federal Court" means the United States District Court for the Central District of California.

1.6    "Federal Plaintiffs" means Warren Rubin IRA and Donald Gautreaux.

1.7    "Final" means the time when the Final Order and Judgment have not been reversed, vacated, or modified in any way and are no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review.  More specifically, it is that situation when: (1) either no appeal has been filed and the time has passed for any notice of appeal to be timely filed in the Actions; or (2) an appeal has been filed and the court of appeals has/have either affirmed the judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining to any order issued in respect of an application for attorneys' fees and expenses shall not in any way delay or preclude the Final Order or Judgment from becoming Final.

1.8    "Final Order" means the Order Approving the Settlement and Order of Dismissal with Prejudice substantially in the form attached hereto as Exhibit B

818792_1

1.9    "Individual Defendants" means Noam Lotan, Shlomo Margalit, Shay Gonen, Guy Avidan, Guenter Jaensch, Igal Shidlovsky, Daniel Tsui, Harold W. Furchtgott-Roth and Baruch Fischer.

1.10    "Judgment" means the judgment to be rendered by the Federal Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit C.

1.11    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and The Weiser Law Firm, court appointed lead counsel in the Federal Action.

1.12    "MRV" or the "Company" means MRV Communications, Inc. including, but not limited to, its predecessors, successors, controlling stockholders, partners, joint venturers, subsidiaries, affiliates, divisions and assigns, and further includes the SLC referenced above which was created to consider MRV's historical stock option practices, including without limitation the matters asserted in the Actions.

1.13    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.14    "Plaintiffs" means collectively the Federal Plaintiffs and the State Plaintiff.

1.15    "Plaintiffs' Counsel" means any counsel that has appeared of record or rendered legal services to any of the Plaintiffs in connection with the Actions.

1.16    "Related Persons" means each of a Person's spouses, heirs, executors, estates, or administrators,  each of a Person's present and former attorneys, legal representatives, and assigns in connection with the Actions, and all of a Person's

818792_1

1  past and present directors, officers, agents, advisors, employees, affiliates,

2  predecessors, successors, parents.

3      1.17 "Released Claims" means any and all claims for relief (including

4  "Unknown Claims"), rights, demands, causes of action, liabilities, debts,

5  obligations, matters, issues and suits of any kind whatsoever, whether known or

6  unknown, contingent or absolute, matured or unmatured, discoverable or

7  undiscoverable, whether or not concealed or hidden, that have been asserted, might

8  have been or could have been asserted, by Plaintiffs, any of the Individual

9  Defendants, MRV, and/or any MRV shareholder derivatively on behalf of MRV:

10  against any Released Persons that are based upon or related to (i) the facts,

11  transactions, events, occurrences, acts, disclosures, statements, omissions or

12  failures to act which were alleged in the Actions; and/or (ii) the settlement of the

13  Actions, including the payments provided for in this Stipulation, and the

14  reasonable attorneys' fees, costs, and expenses incurred in defense thereof.

15  Notwithstanding the foregoing, the releases shall not in any way relieve MRV of

16  its obligations to the Individual Defendants, including payment of reasonable

17  attorneys' fees incurred in defense of the Actions.

18      1.18 "Released Persons" shall mean and include (i) Plaintiffs or their

19  beneficiaries; (ii) each of the Individual Defendants or their beneficiaries; (iii)

20  MRV; and (iv) any MRV shareholder, derivatively on behalf of MRV and each

21  and all of their Related Persons.

22      1.19 "Settling Parties" means, collectively, each of (i) the Federal Plaintiffs

23  on behalf of themselves and derivatively on behalf of MRV; (ii) the State Plaintiff

24  on behalf of himself and derivatively on behalf of MRV; (iii) the Individual

25  Defendants; and (iv) MRV.

26      1.20 "State Action" means the action entitled *Ke v. Margalit, et al.*, No.

27  BC393856 (Cal. Supr. Los Angeles).

28

818792_1

1.21  "State Lead Counsel" means Kessler Topaz Meltzer and Check LLP.

1.22  "State Court" means the Superior Court of the State of California, Los Angeles County.

1.23  "State Plaintiff" means Jing Ke.

1.24  "Unknown Claims" means any and all claims that were alleged or could have been alleged in the Actions by Plaintiffs, MRV or any MRV stockholder derivatively on behalf of MRV, which any Plaintiff, MRV, or MRV stockholders derivatively on behalf of MRV do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, including claims which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs, Individual Defendants, and MRV, shall expressly waive, and each of MRV's stockholders by operation of the Judgment shall have, expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

***A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.***

The Plaintiffs, MRV and MRV's stockholders may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, the Plaintiffs, Individual Defendants, and MRV shall expressly waive, and each of MRV's stockholders shall be deemed to have, and by operation

- 9 -

of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or any other state, sovereign or jurisdiction, or any principle of common or foreign law, which is similar, comparable or equivalent to California Civil Code §1542. The Plaintiffs, MRV and MRV's stockholders may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, each Plaintiff, and MRV shall expressly settle and release, and each of MRV's stockholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and each of MRV's stockholders shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and agreed upon with the express intention of releasing Unknown Claims, and is a key element of the settlement of which this release is a part.

2.      Financial and Corporate Governance Benefits to MRV

2.1     MRV and the SLC acknowledge (and the Individual Defendants do not contest herein) that the pendency and prosecution and settlement of the Actions and the litigation efforts of Plaintiffs and their counsel were a material and substantial cause of the benefits described below. MRV and the SLC acknowledge that the monetary recovery and the adoption of the Corporate Governance Reforms

818792_1

confer a substantial benefit upon MRV.  The SLC, in its independent and good faith business judgment, has concluded that the settlement and each of its terms are in the best interest of MRV.

2.2     Financial Benefits

The Company's D&O liability insurers shall pay $2.5 million in cash to MRV within five (5) business days after entry of the Final Order and Judgment. Within five (5) business days after receipt of the $2.5 million payment from the D&O liability insurers, MRV shall provide Lead Counsel and State Lead Counsel with proof of such payment. If the payment provided herein in this ¶2.2 is not timely made by the Company's D&O liability insurers, then the Stipulation shall be canceled and terminated as provided in ¶6.2. In the event that the settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the settlement does not become Final, MRV shall refund the amount of the payment herein consistent with such reversal or modification and any interest accrued or accumulated thereon within ten (10) business days after entry of such order.

2.3     Corporate Governance Reforms

The Board of Directors of MRV has or shall adopt resolutions and amend committee charters for the implementation of the Corporate Governance Reforms set forth in Exhibit 1.  For the Corporate Governance Reforms that have not already been implemented during the course of the Actions, MRV will implement them within the later of 120 days following the issuance of the Final Order and Judgment approving the Settlement by the Federal Court or the end of the period available for appeal to the United States Court of Appeals for the Ninth Circuit.

**3.     Procedure for Implementing the Settlement**

3.1     After execution of the Stipulation, the Federal Plaintiffs shall submit the Stipulation together with its exhibits to the Federal Court and shall apply for

- 11 -

entry of an order substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the distribution of notice to MRV stockholders in the form attached as Exhibits A-1 ("Long Form Notice") and A-2 (Short Form Notice") hereto.  Not later than ten (10) business days following the entry of the preliminary approval order, MRV shall cause the Stipulation and Long Form Notice to be filed with the Securities and Exchange Commission on Form 8-K, publish the Short Form Notice one-time in *Investor's Business Daily*, and shall post the Long Form Notice and Stipulation on its website.  MRV or its insurers shall be solely responsible for the costs of notice set forth herein and/or any other notice as may be required by the Federal Court.

3.2    Federal Plaintiffs will request that after the Notice is given, the Federal Court hold a hearing (the "Settlement Hearing") to consider and determine whether to approve the terms of the settlement as fair, reasonable and adequate, including the payment of attorneys' fees and expenses in the amount separately negotiated by Plaintiffs, MRV and the SLC.

3.3    Within thirty (30) days after the Judgment becomes Final, the State Plaintiff in the State Action shall apply to the State Court for an order dismissing the State Action with prejudice.

**4.    Releases**

4.1    Upon the Effective Date, MRV, Plaintiffs (acting on their own behalf and derivatively on behalf of MRV), and each of MRV's stockholders (solely in their capacity as MRV stockholders) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims arising out of, relating to, or in connection with, the defense, settlement or resolution of the Actions against the Released Persons. MRV, Plaintiffs (acting on

- 12 -

their own behalf and derivatively on behalf of MRV) and each of MRV's stockholders (solely in their capacity as MRV stockholders) shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation and/or Judgment entered pursuant thereto.   Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

4.2    Upon the Effective Date, as defined in ¶1.3, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the MRV, Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims.   Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

4.3    Notwithstanding the foregoing or anything in this Stipulation, the releases shall not in any way relieve MRV of its obligations to the Individual Defendants, including payment of reasonable attorneys' fees and expenses incurred in defense of the Actions.

## 5.    Plaintiffs' Counsel's Attorneys' Fees and Expenses

5.1    After negotiation of the principal terms of the settlement, counsel for Plaintiffs and MRV, acting by and through the SLC, separately negotiated at arm's-length the amount of attorneys' fees and expenses to be paid to Plaintiffs' Counsel.   Subject to approval of the Court, the negotiated amount of fees and expenses that the parties have agreed upon is $500,000 in cash and freely tradable

- 13 -

warrants to purchase 250,000 shares of MRV's common stock, with a strike price equal to the closing price of MRV's common stock on the date on which the Judgment approving the Settlement becomes Final (the "Fee and Expense Award"). The $500,000 in cash shall be paid within ten (10) days after entry of the Final Order and Judgment, notwithstanding the existence of any timely filed objections to the Settlement, or potential appeal. MRV shall solely be responsible for paying the cash and warrant portion of the Fee and Expense Award to Plaintiffs' Counsel. The warrants shall be of a five (5) year duration, exercisable only by means of a cashless exercise, and shall be registered or exempt from registration pursuant to the exemption provided by Section 3(a)(10) of the Securities Act of 1933. Shares issued under the warrants shall be fully-paid, freely tradable, and non-assessable. Furthermore, the warrants shall be pursuant to a form of agreement to be entered on the Effective Date of the Stipulation, which shall provide for the above terms as well as proportionate adjustment of the warrants in the event of a stock split or other reorganization. MRV shall take all necessary and appropriate actions to perfect the exemption of the warrants from registration under the Federal Securities laws by reason of Section 3(a)(10) of the Securities Act of 1933. Plaintiffs agree to cooperate with MRV to the extent necessary to perfect the exemption of warrants from registration under Section 3(a)(10) of the Securities Act of 1933. The delivery date of the warrants shall be within three (3) business days after the date on which the Final Order and Judgment finally approving the Settlement have become Final provided that Plaintiffs' Counsel delivers instructions to MRV for receipt of the warrants.

    5.2    Except as expressly provided herein, Plaintiffs and Plaintiffs' Counsel shall bear their own fees, costs and expenses, and no Released Person shall assert any claim for expenses, costs or fees against any Plaintiff or Plaintiffs' Counsel.

818792_1

5.3    MRV and the Individual Defendants shall have no responsibility for, and no liability whatsoever with respect to, the division or allocation of the Fee and Expense Award with respect to any person, entity or law firm who may assert some claim thereto.

5.4    In the event that the Fee and Expense Award is reduced, reversed, modified or not approved in the full amount requested, if the settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the settlement does not become Final, Plaintiffs' Counsel shall refund the advanced amount consistent with such reversal or modification and any interest accrued or accumulated thereon within ten (10) business days after entry of such order.    Notwithstanding the foregoing, any reduction, reversal, modification or non-approval of the Fee and Expense Award shall not in any way delay or preclude the Final Order and Judgment from becoming Final.

**6.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

6.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    the SLC has approved the settlement and each of its terms as in the best interest of MRV;

(b)    the $2.5 million cash payment is paid to MRV as provided in ¶2.2;

(c)    the entry by the Federal Court of the Final Order substantially in the form of Exhibit B hereto;

(d)    the entry by the Federal Court of the Judgment substantially in the form of Exhibit C hereto;

(e)    the Final Order and Judgment have both become Final; and

(f)    the dismissal of the State Action with prejudice and that dismissal has become Final.

- 15 -

6.2    If any of the conditions specified in ¶6.1 are not met, then the Stipulation shall be canceled and terminated unless Plaintiffs' Counsel and counsel for the Settling Parties mutually agree in writing to proceed with the Stipulation.

6.3    If for any reason the Effective Date does not occur, or if this Stipulation shall terminate, or be cancelled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the Stipulation or settlement as described herein is not approved by the Federal Court or the Final Order or Judgment is reversed or vacated following any appeal taken therefrom, or the settlement is terminated for any reason, the Settling Parties shall be restored to their respective positions as of the date of the execution of this Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter, or proposition and shall not be used in any manner for any purpose (other than to enforce the terms remaining in effect) in any subsequent proceeding in the Actions or in any other action or proceeding.  In such event, the terms of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any judgment or orders entered by the Federal Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

6.4    If the Federal Court does not enter the Final Order and Judgment in the forms of Exhibit B and C hereto, or if the Federal Court enters the Final Order and Judgment and appellate review is sought and, on such review, the Final Order or Judgment is vacated, modified, or reversed, then this Stipulation and the settlement incorporated therein shall be cancelled and terminated, unless all parties who are adversely affected thereby, in their sole discretion within thirty days from the date of the mailing of such ruling to such parties, provide written notice to all

other parties hereto of their intent to proceed with the settlement under the terms of the Judgment as modified by the Court or on appeal.  Such notice may be provided on behalf of Plaintiffs and MRV's stockholders by Plaintiffs' Counsel.  No Settling Party shall have any obligation whatsoever to proceed under any terms other than in the form provided and agreed to herein; provided, however, that no order of the Federal Court concerning any fee and expense application, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Stipulation by any Settling Party.

### 7.    Miscellaneous Provisions

7.1    The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

7.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between Plaintiffs, MRV, and the Individual Defendants with respect to the Actions.  The settlement comprises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation or defense.  The Settling Parties further agree that the claims are being settled voluntarily after consultation with competent legal counsel and an experienced mediator.  The Final Order shall contain a finding that during the course of the litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and all other similar laws, including California Code of Civil Procedure §128.7.

7.3    Neither the Stipulation (including any exhibits attached hereto) nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or

- 17 -

may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or of the validity of any Released Claims; or (b) is or may be deemed to be or may be used as a presumption, concession, admission or evidence of any liability, fault, or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.   Neither this Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, or the settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the settlement, and except that the Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.4   The exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.5   The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

7.6   This Stipulation and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties or inducements have been made to any Settling Party concerning the Stipulation or any of its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.   It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law

- 18 -

with respect to which this Stipulation is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.  Except as otherwise provided herein, each Settling Party shall bear its own costs.  Notwithstanding the foregoing, nothing in this Stipulation or Settlement shall in any way relieve MRV of its obligations to the Individual Defendants to pay reasonable attorneys' fees and expenses incurred in defense of the Actions.

7.7    Plaintiffs' Counsel are expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms and also are expressly authorized by the Plaintiffs to enter into any modifications or amendments to the Stipulation which they deem appropriate on behalf of the Plaintiffs.  Plaintiffs represent and warrant that they have not assigned any rights, claims, or causes of action that were asserted or could have been asserted in connection with, under or arising out of any of the claims being settled or released herein.

7.8    Each counsel or other Person executing the Stipulation or its exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

7.9    The Stipulation may be executed in one or more counterparts.  A faxed or pdf signature shall be deemed an original signature for the purposes of this Stipulation.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of counterparts, either originally executed or copies thereof, shall be filed with the Federal Court and, thereafter, with the State Court.

818792_1

- 19 -

7.10   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Persons.

7.11   The Federal Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Federal Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

7.12   This Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

7.13   All agreements made and orders entered during the course of the Actions relating to the confidentiality of information shall survive this Stipulation.

IN WITNESS WHEREOF, the Settling Parties have caused the Stipulation to be executed by their duly authorized attorneys and dated March 1, 2013.

818792_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRAVIS E. DOWNS III
JAMES I. JACONETTE
CHRISTOPHER D. STEWART

_____

JAMES I. JACONETTE

655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO

_____
ROBERT B. WEISER

22 Cassatt Avenue
Berwyn, PA  19312
Telephone:  610/225-2677
610/408-8062 (fax)

Co-Lead Counsel for Federal Plaintiffs

KESSLER TOPAZ
  MELTZER & CHECK, LLP
ERIC L. ZAGAR (State Bar No. 250519)
ROBIN WINCHESTER
JAMES H. MILLER

_____
ROBIN WINCHESTER

280 King of Prussia Road
Radnor, PA 19087
Telephone:  610/667-7706
267/948-2512 (fax)

Counsel for State Plaintiff

- 21 -

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO

BRETT D. STECKER

22 Cassatt Avenue
Berwyn, PA  19312
Telephone:  610/225-2677
610/408-8062 (fax)

Co-Lead Counsel for Federal Plaintiffs

KESSLER TOPAZ
  MELTZER & CHECK, LLP
ERIC L. ZAGAR (State Bar No. 250519)
ROBIN WINCHESTER
JAMES H. MILLER

ROBIN WINCHESTER

280 King of Prussia Road
Radnor, PA 19087
Telephone:  610/667-7706
267/948-2512 (fax)

Counsel for State Plaintiff

LATHAM & WATKINS LLP
DAVID J. SCHINDLER (Bar No. 130490)355 South Grand Avenue
Los Angeles, CA  90071-1560
Telephone:  213/485-1234
213/891-8763 (fax)

ALSTON & BIRD LLP
CHARLES W. COX (Bar No. 162854)
333 South Hope Street
Los Angeles, CA  90071
Telephone:  213/576-1000
213/576-1100 (fax)

DAVID J. SCHINDLER

Counsel for Defendant Shlomo Margalit

- 21 -

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO

ROBERT B. WEISER

22 Cassatt Avenue
Berwyn, PA  19312
Telephone:  610/225-2677
610/408-8062 (fax)

Co-Lead Counsel for Federal Plaintiffs

KESSLER TOPAZ
  MELTZER & CHECK, LLP
ERIC L. ZAGAR (State Bar No. 250519)
ROBIN WINCHESTER
JAMES H. MILLER

ROBIN WINCHESTER

280 King of Prussia Road
Radnor, PA 19087
Telephone:  610/667-7706
267/948-2512 (fax)

Counsel for State Plaintiff

LATHAM & WATKINS LLP
DAVID J. SCHINDLER (Bar No. 130490)355 South Grand Avenue
Los Angeles, CA  90071-1560
Telephone:  213/485-1234
213/891-8763 (fax)

ALSTON & BIRD LLP
CHARLES W. COX (Bar No. 162854)
333 South Hope Street
Los Angeles, CA  90071
Telephone:  213/576-1000
213/576-1100 (fax)

- 21 -

1

2

3    THE WEISER LAW FIRM, P.C.
     ROBERT B. WEISER
4    BRETT D. STECKER
     JEFFREY J. CIARLANTO
5

6

7                    ROBERT B. WEISER

8    22 Cassatt Avenue
     Berwyn, PA  19312
9    Telephone:  610/225-2677
     610/408-8062 (fax)
10
     Co-Lead Counsel for Federal Plaintiffs
11
     KESSLER TOPAZ
12     MELTZER & CHECK, LLP
     ERIC L. ZAGAR (State Bar No. 250519)
13   ROBIN WINCHESTER
     JAMES H. MILLER
14

15

16                   ROBIN WINCHESTER

17   280 King of Prussia Road
     Radnor, PA 19087
18   Telephone:  610/667-7706
     267/948-2512 (fax)
19
     Counsel for State Plaintiff
20
     LATHAM & WATKINS LLP
21   DAVID J. SCHINDLER (Bar No.
     130490)355 South Grand Avenue
22   Los Angeles, CA  90071-1560
     Telephone: 213/485-1234
23   213/891-8763 (fax)

24   ALSTON & BIRD LLP
     CHARLES W. COX (Bar No. 162854)
25   333 South Hope Street
     Los Angeles, CA  90071
26   Telephone: 213/576-1000
     213/576-1100 (fax)
27

28

                     - 21 -

DAVID J. SCHINDLER

Counsel for Defendant Shlomo Margalit

Counsel for Defendant Shlomo Margalit

BIRD MARELLA BOXER WOLPERT
  NESSIM DROOKS and LINCENBERG
GARY S. LINCENBERG  (Bar No.
  123058)
  gsl@birdmarella.com
PAUL S. CHAN  (Bar No. 183406)
  psc@birdmarella.com
SHARON BEN-SHAHAR (Bar No.
  212862
  sbs@birdmarella.com

SHARON BEN-SHAHAR

1875 Century Park East, 23rd Floor
Los Angeles, CA  90067-2561
Telephone: 310/201-2100
310/201-2110 (fax)

Counsel for Defendant Noam Lotan

ORRICK HERRINGTON & SUTCLIFFE
  LLP
MARK E. BECK (Bar No. 65163)
ERIC A. GRESSLER (Bar No. 186674)

ERIC A. GRESSLER

777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
Telephone: 213/629-2020
213/612-2499 (fax)

Counsel for Defendant Guy Avidan

- 22 -

DAVID J. SCHINDLER

Counsel for Defendant Shlomo Margalit

Counsel for Defendant Shlomo Margalit

BIRD MARELLA BOXER WOLPERT
  NESSIM DROOKS and LINCENBERG
GARY S. LINCENBERG  (Bar No.
  123058)
  gsl@birdmarella.com
PAUL S. CHAN  (Bar No. 183406)
  psc@birdmarella.com
SHARON BEN-SHAHAR (Bar No.
  212862
  sbs@birdmarella.com

SHARON BEN-SHAHAR

1875 Century Park East, 23rd Floor
Los Angeles, CA  90067-2561
Telephone:  310/201-2100
310/201-2110 (fax)

Counsel for Defendant Noam Lotan

ORRICK HERRINGTON & SUTCLIFFE
  LLP
MARK E. BECK (Bar No. 65163)
ERIC A. GRESSLER (Bar No. 186674)

ERIC A. GRESSLER

777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
Telephone:  213/629-2020
213/612-2499 (fax)

Counsel for Defendant Guy Avidan

- 22 -

1

2

O'MELVENY & MYERS LLP
SETH ARONSON  (Bar No. 100153)
 saronson@omm.com
J. JORGE deNEVE (Bar No. 198855)
MIGUEL BAHAMON (Bar No. 261737)

_____
                    SETH ARONSON


400 South Hope Street, 15th Floor
Los Angeles, CA  90071-2899
Telephone:  213/430-6000
213/430-6407 (fax)

Counsel for Defendant Shay Gonen


SCHEPER KIM & HARRIS LLP
DAVID C. SCHEPER  (Bar No. 120174)
 dscheper@scheperkim.com
GREGORY ANDREW ELLIS (Bar No. 204478)
 gellis@scheperkim.com

_____
             GREGORY ANDREW ELLIS


601 West 5th Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone:  213/613-4655
213/613-4656 (fax)

Counsel for Defendants Igal Shidlovsky, Guenter Jaensch, Daniel Tsui and Baruch Fischer

- 23 -

GREGORY ANDREW ELLIS

601 West 5th Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone:  213/613-4655
213/613-4656 (fax)

Counsel for Defendants Igal Shidlovsky,
Guenter Jaensch, Daniel Tsui and Baruch
Fischer

PROSKAUER ROSE LLP
RONALD E. WOOD (Bar No. 133854)
rwood@proskauer.com
JENNIFER LYNN ROCHE (Bar No.
254538)
jroche@proskauer.com

_____
RONALD E. WOOD

2049 Century Park East, 32nd Floor
Los Angeles, CA  90067
Telephone:  310/284-5635
310/557-2193 (fax)

Counsel for Defendant Harold W.
Furchtgott-Roth

SULLIVAN & CROMWELL LLP
ROBERT A. SACKS
sacksr@sullcrom.com
ADAM S. PARIS
parisa@sullcrom.com
HEIDI B. BRADLEY
bradleyh@sullcrom.com

- 24 -

1

2    PROSKAUER ROSE LLP
     RONALD E. WOOD (Bar No. 133854)
3    rwood@proskauer.com
     JENNIFER LYNN ROCHE (Bar No.
4    254538)
     jroche@proskauer.com
5

6

7

8                RONALD E. WOOD

9

10   2049 Century Park East, 32nd Floor
     Los Angeles, CA  90067
11   Telephone:  310/284-5635
     310/557-2193 (fax)
12

13   Counsel for Defendant Harold W.
     Furchtgott-Roth

14

15   SULLIVAN & CROMWELL LLP
     ROBERT A. SACKS
16   sacksr@sullcrom.com
     ADAM S. PARIS
17   parisa@sullcrom.com
     HEIDI B. BRADLEY
18   bradleyh@sullcrom.com

19

20

21   _Adam S. Paris /v.l._

22              ADAM S. PARIS

23

24   1888 Century Park East, Suite 2100
     Los Angeles, CA  90067
25   Telephone:  310/712-6600
     310/712-8800 (fax)
26   Attorneys for Nominal Defendant MRV
     Communications, Inc.

27

28

Approved as to Form and Content:

WILMER CUTLER PICKERING HALE
AND DORR LLP
JEFFREY B. RUDMAN
jeffrey.rudman@wilmerhale.com

JEFFREY B. RUDMAN

60 State Street
Boston, MA 02109
Telephone: 617/526-6000
617/526-5000
Attorneys for the Special Litigation
Committee of MRV Communications, Inc.

- 25 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 1, 2013.

s/ TRAVIS E. DOWNS III
TRAVIS E. DOWNS III

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:      TravisD@rgrdlaw.com

26

# Mailing Information for a Case 2:08-cv-03800-GAF-MAN

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Seth A Aronson**
  saronson@omm.com,LitigationCalendar@omm.com,lgeida@omm.com

- **Miguel Bahamon**
  mbahamon@omm.com,LitigationCalendar@omm.com

- **Sharon Ben-Shahar**
  sbs@birdmarella.com,krw@birdmarella.com

- **Heidi Brooks Bradley**
  bradleyh@sullcrom.com,shmidtd@sullcrom.com,s&cmanagingclerk@sullcrom.com,gotbergb@sullcrom.com,burtonj@sullcrom.com

- **Jennifer C Bretan**
  jbretan@fenwick.com,kayoung@fenwick.com

- **Paul S Chan**
  psc@birdmarella.com,brl@birdmarella.com,em@birdmarella.com

- **Jeffrey J Ciarlanto**
  jjc@weiserlawfirm.com

- **Joseph Emanuel Clark**
  jclark@proskauer.com

- **Charles W Cox , II**
  chuck.cox@lw.com,cathy.molina@lw.com

- **Anthony A DeCorso**
  adecorso@orrick.com

- **Travis E Downs , III**
  travisd@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Gregory Andrew Ellis**
  gellis@scheperkim.com,jhibino@scheperkim.com

- **Eric A Gressler**
  egressler@orrick.com

- **James I Jaconette**
  jamesj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Colleen M Keating**
  colleenkeating@quinnemanuel.com,christineparga@quinnemanuel.com

- **Gary S Lincenberg**
  gsl@birdmarella.com,mea@birdmarella.com

- **James H Moon**
  james.moon@lw.com,cathy.molina@lw.com

- **Susan S Muck**
  smuck@fenwick.com

- **Maureen E Mueller**
  mmueller@rgrdlaw.com,e_file_sd@rgrdlaw.com,kirstenb@rgrdlaw.com

- **Harry A Olivar , Jr**
  harryolivar@quinnemanuel.com,colleenkeating@quinnemanuel.com

- **William K Pao**

27

wpao@omm.com

- **Adam S Paris**
  parisa@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Jennifer Lynn Roche**
  jroche@proskauer.com

- **Robert A Sacks**
  sacksr@sullcrom.com

- **David C Scheper**
  dscheper@scheperkim.com,mmurphy@scheperkim.com

- **Denis Shmidt**
  shmidtd@sullcrom.com,quintansb@sullcrom.com

- **Louis M Solomon**
  louis.solomon@cwt.com,nick.ritzmann@cwt.com

- **Brett D Stecker**
  bds@weiserlawfirm.com

- **Christopher J Steskal**
  csteskal@fenwick.com,sfuentes@fenwick.com

- **Christopher Dennis Stewart**
  CStewart@rgrdlaw.com,nhorstman@rgrdlaw.com,ldeem@rgrdlaw.com

- **Colin A Underwood**
  colin.underwood@cwt.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Robert B Weiser**
  rw@weiserlawfirm.com

- **Ronald E Wood**
  rewood@proskauer.com,aglorioso@proskauer.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mollie              E O'Rourke
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
```

# EXHIBIT 1

INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| EXHIBIT | DOCUMENT | PAGE |
|---------|----------|------|
| 1 | Corporate Governance Reforms | 30 |
| A | [Proposed] Order Preliminarily Approving Derivative Settlement and Providing Notice | 42 |
| A-1 | Long Form Notice of Proposed Settlement of Derivative Action | 49 |
| A-2 | Short Form Notice of Settlement | 60 |
| B | [Proposed] Order Approving Settlement and Order of Dismissal with Prejudice | 64 |
| C | Judgment | 69 |

**CORPORATE GOVERNANCE REFORMS**
**(EXHIBIT 1 TO THE STIPULATION OF SETTLEMENT DATED MARCH 1, 2013)**

Since the filing of civil action *Rubin, et al. v. Margalit, et al.* (*In re MRV Communications, Inc.*), Case No. 2:08-cv-03800-GAF-MAN (C.D. Cal.) and *Ke v. Margalit, et al.*, Case No. BC393856 (Cal. Sup. Ct.) (together, the "Litigation"), the Company has made and/or will be making the changes described herein.

**I.   ACTIONS TAKEN SINCE THE DERIVATIVE ACTIONS WERE COMMENCED**

    **A.   Changes to Board Composition**

        1.   **Resignation of Certain Directors.**  All directors who served on the Compensation Committee during any year where there is evidence of Board or Compensation Committee approval of options backdating resigned from, or were not re-nominated to, the Compensation Committee and the Board.  These individuals are: Igal Shidlovsky; Guenter Jaensch; Daniel Tsui; and Baruch Fischer.  The Compensation Committee consists of directors Kenneth Traub, Robert Pons and Glenn Tongue.  Defendant Shidlovsky served on the Compensation Committee from at least 1997-2008.  Shidlovsky was not nominated for reelection at the Company's October 11, 2012 annual meeting.  In addition, the following individuals, who served as directors of MRV during the alleged period of wrongdoing, resigned: Shlomo Margalit; Noam Lotan; and Harold Furchtgott-Roth.

        2.   **Addition of Certain Directors.**  MRV added new experienced members to the Board of Directors to improve the corporate governance and oversight of the Company.  Effective as of October 11, 2012 (*see* the Company's Form 8-K filed with the SEC on October 17, 2012), the Board consists of Kenneth H. Traub (Chair; director since October 2011), Robert M. Pons (Vice-Chair, director since October 2011), and Glenn Tongue (director since February 2012).  Messrs. Traub, Pons and Tongue's background and experience is set forth in the Company's definitive Proxy Statement filed on September 12, 2012.

        3.   **Majority Voting Requirement.**  On October 6, 2009, the Board amended the Bylaws to provide that a standing director in an uncontested election was required to receive a majority of the votes cast to retain his or her directorship.  As noted below, this is one of the corporate governance changes that plaintiff was seeking as an outcome of the settlement of this matter.

    **B.   Changes to Board Committees**

        1.   **Compensation Committee.**  The Compensation Committee Charter was revised on November 8, 2011 to, among other things:

            a)   grant the Committee authority to review the compensation of Section 16 officers;

-1-

b)      require that the CEO may not be present during any voting or deliberations of the Committee regarding the CEO's compensation;

c)      add to the "Duties and Responsibilities" of the Committee to approve issuances under, or any material amendment of, any tax qualified, non-discriminatory employee benefit plan or parallel nonqualified plan pursuant to which a director, officer, employee or consultant will acquire stock or options;

d)      add to the "Duties and Responsibilities" of the Committee to approve issuances under, or any material amendment of, any stock option or other similar plan pursuant to which a person not previously an employee or director of the Company, as an inducement material to the individual's entering into employment with the Company, will acquire stock or options; and

2.      **Audit Committee.**

a)      MRV strengthened the Audit Committee by adding new members with greater accounting and finance expertise.  Since June  2012, the Audit Committee has consisted of Messrs. Traub (Chair), Pons and Tongue (*see* MRV's website).  Charles Gillman served as a Committee member from January to June 2012.  Michael Keane, Joan Herman and Mr. Traub served as Audit Committee members from October 2011 to January 2012, and prior to that for the remainder of 2011, the Audit Committee consisted of Messrs. Keane and Gillman, and Kenneth Shubin Stein.

b)      The Audit Committee Charter was revised on November 8, 2011, and it provides that the Audit Committee shall, among other things:

(1)      annually review and recommend changes (if any) to the internal audit charter;

(2)      periodically review, with the internal audit director, any significant difficulties, disagreements with management, or scope restrictions encountered in the course of the function's work; and

(3)      annually review the Audit Committee Charter and recommend to the Board any necessary amendments.

3.      **Nomination and Governance Committee.**  The Nomination and Governance Committee Charter was revised on November 8, 2011, to, among other things:

a)      permit the Committee to retain advisors of its choosing; and

b)      make recommendations to the Board from time to time as to changes that the Committee believes to be desirable to the size of the

-2-

Board or any committee thereof.

**C.**    **Changes to MRV Management**

1.    **Replacement of Chief Financial Officer.**  Chris King, former Vice President of Finance, was promoted to the position of Chief Financial Officer ("CFO") and then interim Chief Executive Officer ("CEO").  King was the whistle-blowing individual who initially uncovered reporting errors and reported his findings to the then CFO.  He subsequently resigned in March 2012.  On April 2, 2012, Stephen Garcia was named CFO of the Company.  He was previously engaged as a consultant of Avant Advisory Group, LLC, and as of October 1, 2012, he was hired as an employee.

2.    **Creation of In-House General Counsel Position.**  The Company created the new position of in-house General Counsel and hired in-house General Counsel with expertise in public company reporting and governance matters.  Her name is Jennifer Painter.  (The Company did not previously have an in-house lawyer.)  The Company's General Counsel also serves as the Company's Chief Compliance Officer.  Among other responsibilities, the Company's in-house General Counsel is responsible for overseeing the Company's stock option granting practices.  This oversight responsibility shall include quarterly and annual review of option grants and option grant documention for compliance with applicable laws, regulations, policies and the terms contained herein.  The Company also hired a corporate counsel for its largest business unit in 2011, and a paralegal assistant who assists in administering the equity plans is taking training to obtain her Certified Equity Professional credentials.

3.    **Engagement of a Third Party Provider for Internal Audit.**  The Company has engaged Protiviti Inc. ("Protiviti"), a third party provider of global Internal Audit and SOX review services.  Protiviti reports directly to the Chairman of the Audit Committee to improve the Company's monitoring of internal controls.  Protiviti has oversight responsibilities concerning (among other things):

a)    documentation and evaluation of internal controls (as required by section 404 of the Sarbanes-Oxley Act);

b)    quarterly evaluation of material changes to internal controls over financial reporting;

c)    planning and performing annual testing of key controls over financial reporting;

d)    annual risk assessment and development of an annual internal audit plan;

e)    planning and performing operational, financial and IT audits;

-3-

f)      producing written reports and recommendations on findings;

g)      determining areas of risk and evaluating their significance in relation to operational factors (i.e., cost, quality);

h)      communicating effectively with management throughout the audit process by timely communication of audit issues and recommendations both verbally and in writing;

i)      maintaining effective business relations with management, external auditors and the audit committee;

j)      presenting status of internal audit projects, and internal controls to the audit committee (at least quarterly);

k)      conducting special projects at the request of the Audit Committee or management; and

l)      monitoring and assisting in the implementation of internal audit recommendations.

## D.      Stock Option Granting Practices

1.      The Company has engaged Financial Intelligence, an outside stock plan administrator, which oversees and reviews compliance of the option and share-based compensation granting and recording process.

## E.      Changes to the Board of Directors

### 1.      Board Composition

a)      The positions of CEO and Chairman were separated in 2009. Further, the Board approved an amendment to its Corporate Governance Policies requiring that a lead director be appointed if the roles of CEO and Chairman of the Board are combined, and that the lead director be a fully independent director of the Board in accordance with the Company's Director Independence Standards, as set forth below under "Director Independence".

b)      The Board shall approve an amendment to Article III Section 2. Number and Term of Office of the Company's Bylaws, as follows: "The number of directors of the Corporation shall not be less than three (3) …"

c)      Each and every one of the Company's Board members is deemed to be independent under NASDAQ Stock Market, Inc. ("NASDAQ") Marketplace Rule 5605(a)(2) ("NASDAQ Rule 5605(a)(2)"). Further, at least one of the independent directors satisfies the requirement of "financial expert."  A majority of directors shall be independent directors.

-4-

This shall remain the case regardless of whether the Company's common stock is traded on the NASDAQ.  All members of the Audit and Compensation Committees shall be independent directors.

d)      The Chairperson shall be responsible for coordinating the activities of the directors.  In addition to the duties of all Board members (which shall not be limited or diminished by the Chairperson's role), the specific responsibilities of the Chairperson are to undertake the following:

(1)      Work with management to determine an appropriate schedule of Board meetings, seeking to ensure that the directors can perform their duties responsibly while not interfering with the flow of the Company's operations;

(2)      Work with management to prepare agendas for the Board meetings;

(3)      assess the quality, quantity and timeliness of the flow of information from the Company's management that is necessary for the directors to effectively and responsibly perform their duties, and although the Company's management is responsible for the preparation of materials for the Board, the Chairperson may specifically request the inclusion of certain material;

(4)      when necessary, direct, in consultation with the Independent Directors, the retention of consultants who report directly to the Board;

(5)      coordinate and moderate executive sessions of the Board's directors, and act as principal liaison between the directors and the CEO and management on sensitive issues;

(6)      evaluate, along with the members of the Compensation Committee and the full Board, the CEO's performance and meet with the CEO to discuss the Board's evaluation;

(7)      recommend the membership of the various Board Committees, as well as the selection of the Committee Chairs;

2.      **Director Independence Standards**

a)      The Company's Corporate Governance Policies include independence standards for directors that state as follows:

"In determining independence, the Board will consider the definition of "independent director" in the listing standards of NASDAQ Rule 5605(a)(2), as it may be amended by NASDAQ from time to time, as well

-5-

as other factors that will contribute to effective oversight and decision-making by the Board."

The Company will agree to abide by Rule 5605(a)(2), which in pertinent part is set forth below.

"Independent Director" means a person other than an Executive Officer or employee of the Company or any other individual having a relationship which, in the opinion of the Company's board of directors, would interfere with the exercise of independent judgment in carrying out the responsibilities of a director. For purposes of this rule, "Family Member" means a person's spouse, parents, children and siblings, whether by blood, marriage or adoption, or anyone residing in such person's home. The following persons shall not be considered independent:

**(A)** a director who is, or at any time during the past three years was, employed by the Company;

**(B)** a director who accepted or who has a Family Member who accepted any compensation from the Company in excess of $120,000 during any period of twelve consecutive months within the three years preceding the determination of independence, other than the following:

**(i)** compensation for board or board committee service;

**(ii)** compensation paid to a Family Member who is an employee (other than an Executive Officer) of the Company; or

**(iii)** benefits under a tax-qualified retirement plan, or non-discretionary compensation.

Provided, however, that in addition to the requirements contained in this paragraph (B), audit committee members are also subject to additional, more stringent requirements under Rule 5605(c)(2).

**(C)** a director who is a Family Member of an individual who is, or at any time during the past three years was, employed by the Company as an Executive Officer;

**(D)** a director who is, or has a Family Member who is, a partner in, or a controlling Shareholder or an Executive Officer of, any organization to which the Company made, or from which the Company received, payments for property or services in the current or any of the past three fiscal years that exceed 5% of the recipient's consolidated gross revenues for that year, or $200,000, whichever is more, other than the following:

-6-

(i) payments arising solely from investments in the Company's securities; or

(ii) payments under non-discretionary charitable contribution matching programs.

(E) a director of the Company who is, or has a Family Member who is, employed as an Executive Officer of another entity where at any time during the past three years any of the Executive Officers of the Company serve on the compensation committee of such other entity; or

(F) a director who is, or has a Family Member who is, a current partner of the Company's outside auditor, or was a partner or employee of the Company's outside auditor who worked on the Company's audit at any time during any of the past three years.

3.    **Director (and Employee) Education**

a)    Each of the Board members will attend a minimum of two training sessions, which sessions may be provided by the Company's outside counsel or other professionals hired by MRV to conduct such training, regarding the roles and responsibilities of directors on a public company board.

b)    The Company will ensure that any officer or employee responsible for administering any stock option plan shall be trained to understand the requirements of the plan and guidelines, which training shall include methods of identifying prohibited practices, including retrospective dating of option grants, bullet-dodging, spring-loading and any option granting practices hereafter expressly prohibited by the Securities and Exchange Commission. In addition, as applicable, the training shall include how to appropriately administer the Company's stock option plans.

c)    At each regularly scheduled quarterly Board meeting, the Company's CFO or designee shall provide a report that includes quarterly and year-to-date financial results that include the Company's financial condition and prospects and, as appropriate under the circumstances, discusses the reasons for material increases or decreases in expenses and liabilities, if any; and/or revenues and earnings, if any, including any modification or adjustment of reserve accounts or contingencies.

**F.    Stock Option Granting Procedures**

1.    The Company's Amended and Restated Policy Relating to Grants of Equity-Based Awards ("Stock Option Grant Policy") was updated most recently in March 2011 and it provides an objective, measurable and fair mechanism for pricing stock options, and requires the use of preselected future dates for

-7-

determination of option pricing with respect to all option grants.

2.      All stock option grants shall clearly define the exercise price, the grant date and the fair market value of stock (e.g., the closing price on a specified date, or the average closing price over a specified period).  In no event shall the exercise price or value of a stock option be determined by reference to the fair market value of the Company's stock on a day other than the grant date of the award.  The fair market value of the Company's stock on a grant date shall be determined in accordance with the rules of the exchange or market where the Company's stock is listed.

3.      The following requirements shall apply to any stock option grant if not already required by the Company's stock option plan or Stock Option Grant Policy:

      a)      The exercise price for each option grant shall be at least 100 percent of the closing market price on the date of grant.

      b)      The date of grant of an option shall, for all purposes, be the date on or after the Board or Compensation Committee makes the determination granting such option.  Notice of the determination shall be given to each employee, director or consultant to whom an option is so granted no more than one week after the date of such grant.  Determination shall be defined as including at a minimum, the number of options granted to each employee, director and/or consultant and the terms of such options.

4.      The Company shall comply with applicable legal, professional and ethical requirements for proper disclosure and proper accounting and shall provide appropriate documentation for proper disclosure and accounting.

5.      The Company shall ensure compliance with applicable laws and regulations by option grantees (e.g., timely and accurate filing of SEC Forms 3, 4 and 5 as applicable), and shall provide effective monitoring mechanisms to ensure that such laws are followed.

6.      The process for granting executive non-cash compensation shall have the same transparency and be consistent with the process and methodology for determining executive cash compensation in compliance with applicable law and regulation.

7.      Authority to grant stock option awards should be limited to the full Board or a properly constituted Compensation Committee (subject to provisions below).

8.      The Compensation Committee shall be composed entirely of independent directors.

9.      All grants shall be made only at a meeting of the Company's Board or Compensation Committee and not by unanimous written consent.  Corporate

-8-

Counsel shall attend the portions of meetings in which options are granted and shall promptly prepare minutes of the meeting.

10.     Grants to directors, Section 16 Officers and Covered Employees within the meaning of Section 162(m) of the tax code shall either be approved or ratified by the full Board.

11.     The body authorized to grant stock options shall be specified in the Compensation Committee Charter and any current and/or subsequent equity incentive plan, whether or not subject to stockholder approval, and under no circumstances shall the Compensation Committee be permitted to delegate to a sub-committee the authority to grant stock options.

12.     If required by law, management shall assess the adequacy of the Company's internal controls with regard to stock-based compensation and shall report its assessment in the Company's annual report on internal controls pursuant to section 404 of the Sarbanes-Oxley Act.

**G.     Timing of Stock Option Grants**

1.     All stock options granted in connection with annual grants or new hires and promotions shall be granted in accordance with the Company's Stock Option Grant Policy, as amended from time to time. The Stock Option Grant Policy states that grants to Section 16 officers and directors shall be made on June 1, however, the Compensation Committee shall have the authority to approve grants to newly hired or promoted employees, newly hired or promoted Section 16 officers, and newly appointed directors on whichever of the following dates first follows both the Compensation Committee's approval and the date of new hire or promotion:  February 1, April 1, July 15, September 1, October 15 and December 1.

2.     Discussion of how and why an option grant date was chosen must be provided in the CD&A or other filing announcing the award if required by applicable law and regulation.

3.     The preselected future option date shall be the same date or a later date upon which the Compensation Committee fully authorizes the option grant.

4.     The Company's Stock Option Grant Policy shall not be amended to allow executive officers to determine the grant date or price of any stock option award.

**H.     Executive Compensation Practices**

1.     **Insider Trading Policy.**  The Company maintains a policy concerning insider transactions in the Company's stock.  The policy contains requirements and restrictions to ensure compliance with federal securities law, inform employees of reporting requirements and potential disgorgement of short swing profits, and inform employees of trading restrictions.  It further contains a

-9-

checklist to help ensure compliance with the policy.  The written policy also includes a form for the reporting of proposed insider transactions by officers and directors, which form shall be provided in advance of such transactions.

2.     **Clawback Policy.**  The Board shall implement a policy requiring the Company to seek repayment to the Company of certain bonus payments and cash incentives under the following circumstances:

> a)     if the Company is required to prepare an accounting restatement on an annual financial statement included in a report on Form 10-K, the Chief Executive Officer and Chief Financial Officer must each deposit or cause to be deposited into an escrow account (reasonably acceptable to the Company) for the benefit of the Company, the following: the difference (if any) between (i) the amount of any cash bonus or incentive compensation for each of the applicable years covered by such restated financial statements previously paid to that officer when the officer was acting in such capacity minus (ii) the amount of such cash bonus or incentive compensation that would have been earned by that officer for each of the applicable years had the cash bonus or incentive compensation been determined based on the information contained in the restated financial statements.
>
> b)     if a majority of the independent members of the board of directors determines that the financial restatement was not due to the recklessness of the Chief Executive Officer causing material noncompliance with any financial reporting requirement under the federal securities laws, then the amount deposited by the Chief Executive Officer into escrow shall be returned to the Chief Executive Officer, together with interest accrued thereon.
>
> c)     if a majority of the independent members of the board of directors determines that the financial restatement was not due to the recklessness of the Chief Financial Officer causing material noncompliance with any financial reporting requirement under the federal securities laws, then the amount deposited by the Chief Financial Officer into escrow shall be returned to the Chief Financial Officer, together with interest accrued thereon.
>
> d)     The Board shall amend this policy to account for any more stringent requirements imposed by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), and other applicable law.

**I.     MRV Code of Conduct, Corporate Governance and Internal Controls**

1.     **Company Code of Conduct.**  The Company maintains a code of conduct on its website, which is to be reviewed and updated annually by the Nomination and Governance Committee per such committee's charter.

2.     The Company has distributed its Code of Ethics policy to all employees globally (translated as required) and required all employees to acknowledge their receipt and review of the policy in writing.

3.     The Company has a written policy protecting whistleblowers, and includes such policy on the Company's intranet site.

4.     The Company will maintain its whistleblower telephone hotline, with alternative reporting mechanisms including an anonymous website reporting system, or maintain another anonymous reporting mechanism as may be approved from time to time.

5.     The Company will routinely remind employees of whistleblower options and whistleblower protections in employee communications.

**J.     Stockholder Proposals at MRV's 2012 Annual Meeting and Relisting on NASDAQ**

1.     In connection with MRV's 2012 Annual Meeting, the MRV Board of Directors proposed that stockholders approve, and stockholders did approve, among other things, proposals to (1) eliminate the sublimit of the number of shares of common stock that may be used for restricted shares and performance and other stock-based awards, and (2) effect a reverse stock split, consistent with plaintiffs' advisement in plaintiffs' September 17, 2010 letter demanding MRV relist its shares on the NASDAQ.  Effective December 26, 2012, MRV effected a 1:20 reverse stock split.

2     In light of the preceding paragraph, the MRV Board shall make reasonable efforts to seek relisting of MRV common stock on the NASDAQ.

**II.     TRANSACTION AUTHORITY MATRIX AND REPORTING TOOLS**

A.     The Company adopted a Transaction Authority Matrix ("TAM") in 2010 which is amended from time to time and is designed to ensure review of transactions at appropriate levels.  The TAM was most recently amended and restated in November 2011, and is held in the possession of the Company's General Counsel.  It requires pre-approval of various corporate governance and other transactions by members of management and the Board and its committees, as applicable, including among other things, approvals of policies, significant corporate actions, compensation and employment decisions such as the grant of bonus and equity-based awards, acquisition of debt or lines of credit, litigation settlements and customer, vendor and other agreements.

B.     The Company's finance team established a Finance Lead Scorecard to ensure a reporting relationship between all finance leads and the CFO.  The scorecard establishes standardized objectives to assess compliance with company-wide standards and expectations.

-11-

C.      The Company's finance team established and implemented a disclosure checklist to assess specific transactions, including questions related to GAAP, non-routine transactions, and compensation arrangements.

D.      The finance team updated its reporting package to include:

      1.      Updated GAAP references;

      2.      Additional detail regarding accounting policies;

      3.      Enhanced flux analysis requirements; and

      4.      Detailed instructions including relevant accounting guidance/policies.

E.      The Company's finance team also implemented a Reporting Package Review Checklist to detect issues at the subsidiary level and require corrective action prior to consolidating subsidiary results.  The Reporting Package will be signed off by the Company's VP, Finance with follow up review of entity results by Corporate CFO.

F.      The Company's finance team implemented a monthly close process in order to address issues on a timely basis, including a variance analysis, standard reporting packages with analysis, and monthly calls with all business units.

## III.    RESERVATION OF RIGHTS

A.      In agreeing to the terms set forth in this document, the Company expressly reserves its rights as follows:

      1.      to amend or alter this document to conform with applicable law or changes in the law; and

      2.      to amend the TAM and the Stock Option Grant Policy consistent with the Board and management's business judgment, provided that such changes comply with all applicable legal and regulatory requirements, and provided that any amendments to the Stock Option Grant Policy shall continue to require that grants be made only on a limited number of pre-determined fixed dates and that all grants may be made, and the grant recipients and option quantities determined, only in advance of or on the pre-determined fixed dates, and that the provisions shall not be inconsistent with I.F.2-.11, herein.

-12-

EXHIBIT A

1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  TRAVIS E. DOWNS III (148274)
   JAMES I. JACONETTE (179565)
3  CHRISTOPHER D. STEWART (270448)
   655 West Broadway, Suite 1900
4  San Diego, CA  92101-3301
   Telephone:  619/231-1058
5  619/231-7423 (fax)
   travisd@rgrdlaw.com
6  jamesj@rgrdlaw.com
   cstewart@rgrdlaw.com
7
   THE WEISER LAW FIRM, P.C.
8  ROBERT B. WEISER
   BRETT D. STECKER
9  JEFFREY J. CIARLANTO
   22 Cassatt Avenue
10 Berwyn, PA  19312
   Telephone:  610/225-2677
11 610/408-8062 (fax)

12 Co-Lead Counsel for Plaintiffs

13

14                 **UNITED STATES DISTRICT COURT**

15                 **CENTRAL DISTRICT OF CALIFORNIA**

16                      **WESTERN DIVISION**

17

18 In re MRV COMMUNICATIONS,     )   Master File No.
   INC. DERIVATIVE LITIGATION    )     1:08-cv-03800-GAF(MANx)
19 ─────────────────────────────  )
                                  )   [PROPOSED] ORDER
20 This Document Relates To:       )   PRELIMINARILY APPROVING
                                  )   DERIVATIVE SETTLEMENT AND
21     ALL ACTIONS.               )   PROVIDING FOR NOTICE
                                  )
22 ─────────────────────────────      EXHIBIT A

23

24

25

26

27

28

818803_1

WHEREAS, Plaintiffs have made a motion, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order (i) preliminarily approving the proposed settlement (the "Settlement") of the above-captioned stockholder derivative action (the "Federal Action") and the related derivative action pending in the Superior Court of the State of California, County of Los Angeles entitled *Ke v. Margalit, et al.*, No. BC393856 (the "State Action") (collectively, the "Actions"), in accordance with a Stipulation of Settlement dated March 1, 2013 and the exhibits thereto (the "Stipulation"), and (ii) approving for distribution of notice to MRV Communications, Inc. stockholders;

WHEREAS, the Settlement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval;

WHEREAS, this Court has been fully advised that the freely tradable warrants to purchase 250,000 shares of MRV's common stock described in the Stipulation will be issued without registration under the Securities Act of 1933 (the "Securities Act") pursuant to exemption from such registration requirements afforded by Section 3(a)(10) of the Securities Act ("Section 3(a)(10)");

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the exhibits annexed thereto and having heard the arguments of the Settling Parties at the preliminary approval hearing:

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Actions.

2.     A hearing (the "Settlement Hearing") shall be held before this Court on June 10, 2013 at 9:30 a.m. in Courtroom 740, United States District Court, Central

District of California, Edward R. Roybal Federal Building, Unites States Courthouse, Courtroom 740, 255 East Temple Street, Los Angeles, California 90012, to determine whether the terms and conditions of the Settlement provided for in the Stipulation are fair, reasonable, adequate and in the best interests of MRV and its stockholders; a Final Order and Judgment as provided for in ¶¶1.8 and 1.10 of the Stipulation should be entered; and to award attorneys' fees and expenses to Plaintiffs' Counsel.

3.     The Court approves, as to form and content, the Notice of Settlement ("Long Form Notice") annexed as Exhibit A-1 hereto and  the Summary Notice ("Short Form Notice") annexed as Exhibit A-2 hereto, and finds that the distribution of the Long Form Notice, Short Form Notice and Stipulation substantially in the manner and form set forth below in this Preliminary Approval Order, meets the requirements of Federal Rule of Civil Procedure 23.1, Section 3(a)(10) and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto of all matters relating to the Settlement.

4.     Not later than ten (10) business days following entry of this Preliminary Approval Order, MRV shall cause the Long Form Notice, substantially in the form annexed as Exhibit A-1 hereto and a copy of the Stipulation, to be published on its website, such that visitors to the website home page will readily find a hyperlink to the Notice and Stipulation.

5.     Not later than ten (10) business days following entry of this Preliminary Approval Order, MRV shall cause a copy of the Stipulation and Long Form Notice substantially in the form annexed as Exhibit A-1 hereto to be filed with the Securities and Exchange Commission via a Form 8-K.

6.     Not later than ten (10) business days following entry of this Order, MRV shall cause a copy of the Short Form Notice, substantially in the form annexed as Exhibit A-2 hereto, to be published once in the national edition of *Investor's Business Daily*.

- 2 -

818803_1

7.     All costs incurred in the filing of the Stipulation, publication of the Notice and posting of the Notice and Stipulation shall be paid by MRV or its successor(s) and MRV and its successor(s) shall undertake all administrative responsibility for filing the Stipulation, publication of the Notice and posting of the Notice and Stipulation.

8.     At least twenty-one (21) calendar days prior to the Settlement Hearing, MRV's counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or declaration, of such filing of the Stipulation, publication of the Notice and posting of the Notice and Stipulation.

9.     All current MRV stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations and judgments, including the Final Order and Judgment, in the Actions concerning the Settlement, whether favorable or unfavorable to current MRV stockholders or MRV.

10.     Pending final determination of whether the Settlement should be approved, no current MRV stockholder, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court, administrative agency, or other tribunal asserting any of the Released Claims.

11.     All papers in support of the Settlement and the award of attorneys' fees and expenses shall be filed with the Court and served at least fourteen (14) calendar days prior to the objection deadline in ¶13.  All reply papers shall be filed with the Court and served at least seven (7) calendar days before the Settlement Hearing.

12.     Any current record holders and beneficial owners of common stock of MRV as of March 1, 2013 may appear and show cause, if he, she or it has any reason why the terms of the Settlement should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to Plaintiffs' Counsel; provided, however, unless

- 3 -

818803_1

1    otherwise ordered by the Court, no current MRV stockholder shall be heard or entitled

2    to contest the approval of all or any of the terms and conditions of the Settlement, or,

3    if approved, the Judgment to be entered thereon approving the same, or the attorneys'

4    fees and expenses to be awarded to Plaintiffs' Counsel, unless that Person has, at least

5    twenty-one (21) days prior to the Settlement Hearing, filed with the Clerk of the Court

6    and served on the following counsel (delivered by hand or sent by first class mail)

7    appropriate proof of stock ownership, along with written objections, including the

8    basis therefore, and copies of any papers and briefs in support thereof:

9                        ***Counsel for Federal Plaintiffs***

10                       Jeffrey D. Light
                         ROBBINS GELLER RUDMAN
11                         & DOWD LLP
                         655 West Broadway, Suite 1900
12                       San Diego, CA 92101-3301

13                       ***Counsel for State Plaintiff***

14                       Robin Winchester
                         KESSLER TOPAZ
15                         MELTZER & CHECK, LLP
                         280 King of Prussia Road
16                       Radnor, PA 19087

17                       ***Counsel for MRV***

18                       Robert A. Sacks
                         SULLIVAN & CROMWELL LLP
19                       1888 Century Park East, Suite 2100
                         Los Angeles, CA 90067

20

21   The written objections and copies of any papers and briefs in support thereof to be

22   filed in Court shall be delivered by hand or sent by first class mail to:

23                       Clerk of the Court
                         UNITED STATES DISTRICT COURT
24                       CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION
25                       312 North Spring Street
                         Room G-8
26                       Los Angeles, California 90012

27   Any current MRV stockholder who does not make his, her or its objection in the

28   manner provided herein shall be deemed to have waived such objection and shall

                                      - 4 -

818803_1

1    forever be foreclosed from making any objection to the fairness, reasonableness or

2    adequacy of the Settlement as incorporated in the Stipulation and to the award of

3    attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the

4    Court, but shall otherwise be bound by the Judgment to be entered and the releases to

5    be given.

6        13.    Neither the Stipulation (including any exhibits attached hereto) nor the

7    settlement, nor any act performed or document executed pursuant to or in furtherance

8    of the Stipulation or the settlement: (a) is or may be deemed to be or may be offered,

9    attempted to be offered or used in any way by the Settling Parties as a presumption, a

10   concession or an admission of, or evidence of, any fault, wrongdoing or liability of the

11   Settling Parties or of the validity of any Released Claims; or (b) is or may be deemed

12   to be or may be used as a presumption, concession, admission or evidence of any

13   liability, fault, or omission of any of the Released Persons in any civil, criminal, or

14   administrative proceeding in any court, administrative agency, or other tribunal.

15   Neither this Stipulation nor the settlement, nor any act performed or document

16   executed pursuant to or in furtherance of this Stipulation, or the settlement, shall be

17   admissible in any proceeding for any purpose, except to enforce the terms of the

18   settlement, and  except that the Released Persons may file the Stipulation and/or the

19   Judgment in any action that may be brought against them in order to support a defense

20   or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and

21   credit, release, standing, good faith settlement, judgment bar or reduction or any other

22   theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23       14.    The Court reserves the right to adjourn the date of the Settlement Hearing

24   or modify any other dates set forth herein without further notice to the current MRV

25   stockholders, and retains jurisdiction to consider all further applications arising out of

26   or connected with the Settlement.  The Court may approve the Settlement, with such

27   modifications as may be agreed to by the Settling Parties, if appropriate, without

28   further notice to the current MRV stockholders.

- 5 -

818803_1

1     IT IS SO ORDERED.

2  DATED: _____     _____

3                                   THE HONORABLE GARY A. FEESS
                                    UNITED STATES DISTRICT JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

818803_1

- 6 -

ROBBINS GELLER RUDMAN
       & DOWD LLP
TRAVIS E. DOWNS III (148274)
JAMES I. JACONETTE (179565)
CHRISTOPHER D. STEWART (270448)
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
travisd@rgrdlaw.com
jamesj@rgrdlaw.com
cstewart@rgrdlaw.com

THE WEISER LAW FIRM, P.C.
ROBERT B. WEISER
BRETT D. STECKER
JEFFREY J. CIARLANTO
22 Cassatt Avenue
Berwyn, PA  19312
Telephone:  610/225-2677
610/408-8062 (fax)

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| In re MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION | ) ) ) | Master File No. 1:08-cv-03800-GAF(MANx) |
|---|---|---|
| This Document Relates To: | ) ) ) ) | LONG FORM NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION |
| ALL ACTIONS. | ) ) ) | EXHIBIT A-1 |

818812_1

**TO: ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF MRV COMMUNICATIONS, INC. ("MRV" OR THE "COMPANY") AS OF MARCH 1, 2013 ("CURRENT MRV STOCKHOLDERS"). PLEASE NOTE THAT THIS ACTION IS NOT A "CLASS ACTION" AND NO INDIVIDUAL STOCKHOLDER HAS THE RIGHT TO BE COMPENSATED AS A RESULT OF THIS SETTLEMENT.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF THE ABOVE-CAPTIONED DERIVATIVE ACTION AND A RELATED ACTION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS WHICH MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS. IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.**

**IF YOU HOLD MRV COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS CONCERNING THE MERITS OF THE ACTION. THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT. IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

Notice is hereby provided to you of the proposed settlement (the "Settlement") of this stockholder derivative litigation.  This Notice is provided by Order of the United States District Court for the Central District of California, Western Division (the "Court").  It is not an expression of any opinion by the Court with respect to the truth of the allegations in the litigation or the merits of the claims or defenses asserted by or against any party.  It is solely to notify you of the terms of the proposed Settlement, and your rights related thereto.  Capitalized terms not otherwise defined shall have the definitions set forth in the Stipulation.

## I.   WHY THE COMPANY HAS ISSUED THIS NOTICE

Your rights may be affected by the settlement of the Action styled *In re MRV Communications, Inc. Derivative Litigation*, No. 2:08-cv-03800-GAF (MANx) (C.D. Cal.) (the "Federal Action") and *Ke v. Margalit, et al.*, No. BC393856 (Cal. Supr. Los Angeles) (the "State Action" and together with the Federal Action, the "Actions").

- 1 -

818812_1

Plaintiffs Warren Rubin IRA, Donald Gautreaux and Jing Ke ("Plaintiffs"), the Individual Defendants,[1] and nominal party MRV (MRV and the Individual Defendants collectively, "Defendants"), have agreed upon terms to settle the Actions and have signed a written Stipulation of Settlement (the "Stipulation") setting forth those settlement terms.

## II.    SUMMARY OF THE ACTION

On June 10, 2008, an action entitled *Warren Rubin, et. al. v. Shlomo Margalit, et al.*, No. 2:08-cv-03800-GAF-RC (the "*Rubin* Action") was filed in the United States District Court for the Central District of California (the "Federal Court"). On August 15, 2008, the second action entitled *Donald Gautreaux v. Shlomo Margalit, et al.*, No. 2:08-cv-05382-SJO-AJW (the "*Gautreaux* Action") was filed in the Federal Court. On July 3, 2008, the action entitled *Ke v. Margalit, et al.*, No. BC393856 (the "State Action") was filed in the Superior Court of the State of California, County of Los Angeles.

On December 1, 2008, the Federal Court consolidated the *Rubin* and *Gautreaux* Actions and styled the consolidated action *In re MRV Communications Derivative Litigation*, No. 2:08-cv-03800-GAF (MANx) (the "Federal Action"). On January 30, 2009, the Federal Plaintiffs filed the Amended Consolidated Verified Complaint (the "Amended Complaint"). On February 8, 2010, State Plaintiff filed his Amended Complaint (the "State Amended Complaint").

The Federal Action and the State Action each allege claims on behalf of MRV against certain current and former officers and directors of MRV, arising from or relating to the alleged improper granting of stock options at MRV.

---

[1]      The Individual Defendants are Noam Lotan, Shlomo Margalit, Shay Gonen, Guy Avidan, Guenter Jaensch, Igal Shidlovsky, Daniel Tsui, Harold W. Furchtgott-Roth and Baruch Fischer.

818812_1

- 2 -

On January 29, 2010, nominal party MRV moved to dismiss the Amended Complaint pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure and Delaware law.  On May 10, 2010, the Federal Court denied MRV's motion to dismiss.  On July 19-20, 2010, the Individual Defendants filed motions to dismiss the Amended Complaint.  On December 27, 2010, the Federal Court granted in part and denied in part the Individual Defendants' motions to dismiss.  On March 22, 2010, MRV filed its demurrer to the State Amended Complaint.  State Plaintiff filed his opposition to the demurrer on May 3, 2010, but MRV later withdrew its demurrer in light of the denial of MRV's motion to dismiss the Federal Action.  On July 28, 2010, the Individual Defendants demurred to the State amended complaint.  These demurrers were denied in part and granted in part by Order dated September 29, 2010.

MRV and the Individual Defendants filed answers to the amended complaints in the Actions in January of 2011.  The parties to the Actions engaged in discovery following the denial of the motions to dismiss and demurrers.  On November 17, 2011, nominal party MRV filed a motion to stay discovery, which the Federal Court denied on December 22, 2011.

On November 8, 2011, the Company's Board of Directors resolved to create a Special Litigation Committee ("SLC") to consider MRV's historical stock option practices, including without limitation the matters asserted in the Actions.  The Board of Directors delegated to the SLC full authority and power to control and determine MRV's response to the Actions and the claims asserted therein. The SLC is currently comprised of Kenneth Traub and Robert M. Pons.  Each of the SLC members is an independent, non-executive director and none of the SLC members is a defendant in the Actions.

Certain parties, including counsel for the Federal Plaintiffs, the State Plaintiff, and MRV, conducted their first mediation session in November 2009.  Certain parties held further mediation sessions in February and June 2010.  The Settling Parties held a

- 3 -

818812_1

mediation session in June 2012.  In late December 2012, the parties agreed to accept a settlement proposal from the mediator to fully resolve the Actions.

On January 2, 2013, the parties to the Federal Action filed a stipulation with the Federal Court, seeking a stay of discovery during the pendency of the parties' settlement efforts.  The State Action parties filed a similar stipulation on January 2, 2013.  On January 4, 2013, the Federal and State Courts issued orders staying discovery.

**III.    TERMS OF THE PROPOSED DERIVATIVE SETTLEMENT**

The principal terms, conditions and other matters that are part of the Settlement, which is subject to approval by the Court, are summarized below.  This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court and may be viewed at www.mrv.com.

The Settlement provides that the Company's D&O liability insurance company will pay MRV $2.5 million in this case.  In addition, MRV and the Plaintiffs have conducted extensive, arm's-length negotiations and have reached agreement regarding various corporate governance issues, including internal controls and procedures at the Company, which include internal controls and procedures that relate to certain of the allegations raised in the Actions. Since the filing of the Actions, the Company has made and/or will be making the corporate governance measures described in Exhibit 1 to the Stipulation, which can be viewed and/or downloaded at www.mrv.com.

MRV and the SLC acknowledge (and the Individual Defendants do not contest herein) that the pendency and prosecution and settlement of the Actions and the litigation efforts of Plaintiffs and their counsel were a material and substantial cause of the benefits described below.  MRV and the SLC acknowledge that the monetary recovery and the adoption of the Corporate Governance Reforms confer a substantial benefit upon MRV.

818812_1

## IV.   DISMISSAL OF ACTIONS AND RELEASE OF CLAIMS

The Stipulation also provides for the entry of judgment dismissing the Actions against MRV and the Individual Defendants with prejudice.  If the Court approves the Settlement as set forth in the Stipulation and it becomes effective pursuant to its terms, MRV, Plaintiffs (acting on their own behalf and derivatively on behalf of MRV), and each of MRV's stockholders (solely in their capacity as MRV stockholders) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Actions against the Released Persons.  MRV, Plaintiffs (acting on their own behalf and derivatively on behalf of MRV) and each of MRV's stockholders (solely in their capacity as MRV stockholders) shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation and/or Judgment entered pursuant thereto.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.  Notwithstanding the foregoing or anything in the Stipulation, the releases shall not in any way relieve MRV of its obligations to the Individual Defendants, including payment of reasonable attorneys' fees and expenses incurred in defense of the Actions.

## V.   PLAINTIFFS' ATTORNEY FEES AND EXPENSES

After negotiation of the principal terms of the Settlement, counsel for Plaintiffs and MRV, acting by and through the SLC, separately negotiated at arm's length the amount of attorneys' fees and expenses to be paid to Plaintiffs' Counsel.  Subject to approval of the Court, the negotiated amount of fees and expenses that the parties

- 5 -

1  have agreed upon is $500,000 in cash and 250,000 freely tradable warrants for MRV's

2  common stock, with a strike price equal to the closing price of MRV's common stock

3  on the date on which the Judgment approving the Settlement becomes Final.  The

4  warrants will be exercisable pursuant to a 'cashless' exercise provision and issued

5  pursuant to the exemption from the registration requirements of the Securities Act of

6  1933 afforded by Section 3(a)(10) thereof.  To date, Plaintiffs' Counsel have not

7  received any payments for their efforts on behalf of MRV stockholders.  The agreed-

8  to fee will compensate Plaintiffs' Counsel for the results achieved in the Actions and

9  the risks of undertaking the prosecution of the Actions on a contingent basis.

10  ## VI.    REASONS FOR THE SETTLEMENT

11       The Settling Parties have determined that it is desirable and beneficial that the

12  Actions, and all of their disputes related thereto, be fully and finally settled in the

13  manner and upon the terms and conditions set forth in the Stipulation.

14       ### A.    Why Did Plaintiffs Agree to Settle?

15       Plaintiffs' Counsel conducted an extensive investigation relating to the claims

16  and the underlying events and transactions alleged in the Action.  Plaintiffs' Counsel

17  have analyzed the evidence adduced during their investigation, and have researched

18  the applicable law with respect to the claims of Plaintiffs and MRV against the

19  Individual Defendants and the potential defenses thereto.

20       Based upon their investigation as set forth above, Plaintiffs and their counsel

21  have concluded that the terms and conditions of the Stipulation are fair, reasonable

22  and adequate to Plaintiffs, MRV and its stockholders, and in their best interests, and

23  have agreed to settle the claims raised in the Actions pursuant to the terms and

24  provisions of the Stipulation after considering, among other things, the substantial

25  benefits that MRV and its stockholders will receive from the Settlement, the uncertain

26  outcome, risks, difficulties, and delays in the continued litigation of the Action and the

27

28

818812_1

- 6 -

1    actions taken by the Company in response to the alleged option backdating issues at
2    MRV.

3        In particular, Plaintiffs and their counsel considered the significant litigation
4    risks inherent in these derivative actions.  The law imposes significant burdens on
5    plaintiffs for pleading and proving a stockholder derivative claim.  While Plaintiffs
6    and their counsel believe their claims are meritorious, Plaintiffs and their counsel
7    acknowledge that there is a substantial risk that the Actions may not succeed in
8    producing a recovery in light of the applicable legal standards and possible defenses.
9    Plaintiffs and their counsel believe that, under the circumstances, they have obtained
10   the best possible relief for MRV and its stockholders.

11       **B.      Why Did the Individual Defendants Agree to Settle?**

12       The Individual Defendants have denied and continue to deny each and all of the
13   claims and contentions alleged by the Plaintiffs in the Actions.  The Individual
14   Defendants expressly have denied and continue to deny all charges of wrongdoing or
15   liability against them arising out of any of the events, conduct, statements, acts or
16   omissions alleged, or that could have been alleged, in the Actions, and contend that
17   many of the factual allegations in the Actions are materially inaccurate.   The
18   Individual Defendants also have denied and continue to deny, *inter alia*, the
19   allegations that the Plaintiffs, MRV or its stockholders have suffered damage, or that
20   the Plaintiffs, MRV or its stockholders were harmed by the conduct alleged in the
21   Actions or otherwise.  The Individual Defendants have further asserted that at all
22   relevant times, they acted in good faith and in a manner they reasonably believed to be
23   in the best interests of MRV and its stockholders.  Pursuant to the terms set forth
24   therein, the Stipulation shall in no event be construed as or deemed to be evidence of
25   an admission or concession by the Individual Defendants with respect to any claim of
26   fault, liability, wrongdoing, or damage whatsoever.

27       Nonetheless, the Individual Defendants have also taken into account the
28   uncertainty and risks inherent in any litigation, especially in complex cases like the

- 7 -

Actions.  Therefore, they have determined that it is desirable and beneficial that the Actions, and all of the Settling Parties' disputes related thereto, be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

## VII.   FINAL HEARING

On June 10, 2013 at 9:30 a.m., the Court will hold the Final Hearing at the Edward R. Roybal Federal Building, United States Courthouse, Courtroom 740, 255 East Temple Street, Los Angeles, California, 90012.  At the Final Hearing, the Court will consider whether the terms of the Settlement are fair, reasonable and adequate, including the agreed-to amount for Plaintiffs' Counsel's attorney fees and expenses, and thus should be finally approved and whether the Federal Action should be dismissed with prejudice pursuant to the Stipulation.

Pending final determination of whether the Settlement should be approved, no current MRV stockholder, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, and action or proceeding in any court, administrative agency, or other tribunal asserting agency any of the Released Claims.

## VIII.   RIGHT TO ATTEND FINAL HEARING

Any current MRV Stockholder may, but is not required to, appear in person at the Final Hearing.  If you want to object at the Final Hearing, then you must first comply with the procedures for objecting, which are set forth below.  The Court has the right to change the hearing dates or times without further notice.  Thus, if you are planning to attend the Final Hearing, you should confirm the date and time before going to the Court.  ***CURRENT MRV STOCKHOLDERS WHO HAVE NO OBJECTION TO THE SETTLEMENT DO NOT NEED TO APPEAR AT THE FINAL HEARING OR TAKE ANY OTHER ACTION.***

- 8 -

## IX. THE PROCEDURES FOR OBJECTING TO THE SETTLEMENT

Any current MRV Stockholder may appear and show cause, if he, she or it has any, why the Settlement of the Actions should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, or why attorneys' fees and expenses shall not be awarded to Plaintiffs' Counsel; provided, however, unless otherwise ordered by the Court, no Current MRV Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the judgment to be entered thereon approving the same, unless that person has, on or before May 27, 2013, filed with the Clerk of the Court and served on the following counsel (delivered by hand or sent by first class mail) appropriate proof of stock ownership, along with written objections-, including the basis therefore, and copies of any papers and briefs in support thereof at the addresses listed below:

*Counsel for Federal Plaintiffs*

Jeffrey D. Light
ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301

*Counsel for State Plaintiff*

Robin Winchester
KESSLER TOPAZ
 MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087

*Counsel for MRV*

Robert A. Sacks
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, CA  90067

Any current MRV Stockholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or

- 9 -

adequacy of the Settlement as incorporated in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

## X.   HOW TO OBTAIN ADDITIONAL INFORMATION

This Notice summarizes the Stipulation.  It is not a complete statement of the events of the Actions or the terms of the Settlement contained in the Stipulation.

You may inspect the Stipulation and other papers in the Federal Action at the United States District Clerk's office at any time during regular business hours of each business day.  The Clerk's office is located at the United States District Court for the Central District of California, 312 North Spring Street, Room G-8, Los Angeles, California, 90012-4701. However, you must appear in person to inspect these documents.  The Clerk's office will not mail copies to you.  In addition, this Notice and the Stipulation can be viewed on the Company's website at www.mrv.com.

PLEASE DO NOT CALL, WRITE OR OTHERWISE DIRECT QUESTIONS TO EITHER THE COURT OR THE CLERK'S OFFICE.  Any questions you have about matters in this Notice should be directed by telephone or in writing to Plaintiffs' Counsel, c/o Rick Nelson (shareholder relations), Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101-3301, Telephone: 1-800-449-4900.

DATED:_____, 2013          BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
                                     CENTRAL DISTRICT OF CALIFORNIA
                                     WESTERN DIVISION

818812_1

- 10 -

1    ROBBINS GELLER RUDMAN
      & DOWD LLP
2    TRAVIS E. DOWNS III (148274)
   JAMES I. JACONETTE (179565)
3    CHRISTOPHER D. STEWART (270448)
   655 West Broadway, Suite 1900
4    San Diego, CA  92101-3301
   Telephone:  619/231-1058
5    619/231-7423 (fax)
   travisd@rgrdlaw.com
6    jamesj@rgrdlaw.com
   cstewart@rgrdlaw.com
7
   THE WEISER LAW FIRM, P.C.
8    ROBERT B. WEISER
   BRETT D. STECKER
9    JEFFREY J. CIARLANTO
   22 Cassatt Avenue
10   Berwyn, PA  19312
   Telephone:  610/225-2677
11   610/408-8062 (fax)

12   Co-Lead Counsel for Plaintiffs

13   [Additional counsel appear on signature page.]

14         UNITED STATES DISTRICT COURT

15         CENTRAL DISTRICT OF CALIFORNIA

16            WESTERN DIVISION

| | | |
|---|---|---|
| 17 | In re MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION | ) ) | Master File No.   1:08-cv-03800-GAF(MANx) |
| 18 | ————————————————— | ) ) | |
| 19 | This Document Relates To: | ) ) | LONG FORM NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION |
| 20 |     ALL ACTIONS. | ) ) | |
| 21 | ————————————————— | ) | EXHIBIT A-1 |

22

23

24

25

26

27

28

818812_1

**TO: ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF MRV COMMUNICATIONS, INC. ("MRV" OR THE "COMPANY") AS OF MARCH 1, 2013 ("CURRENT MRV STOCKHOLDERS"). PLEASE NOTE THAT THIS ACTION IS NOT A "CLASS ACTION" AND NO INDIVIDUAL STOCKHOLDER HAS THE RIGHT TO BE COMPENSATED AS A RESULT OF THIS SETTLEMENT.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF THE ABOVE-CAPTIONED DERIVATIVE ACTION AND A RELATED ACTION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS WHICH MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS. IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.**

**IF YOU HOLD MRV COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS CONCERNING THE MERITS OF THE ACTION. THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT. IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

Notice is hereby provided to you of the proposed settlement (the "Settlement") of this stockholder derivative litigation.  This Notice is provided by Order of the United States District Court for the Central District of California, Western Division (the "Court").  It is not an expression of any opinion by the Court with respect to the truth of the allegations in the litigation or the merits of the claims or defenses asserted by or against any party.  It is solely to notify you of the terms of the proposed Settlement, and your rights related thereto.  Capitalized terms not otherwise defined shall have the definitions set forth in the Stipulation.

## I.     WHY THE COMPANY HAS ISSUED THIS NOTICE

Your rights may be affected by the settlement of the Action styled *In re MRV Communications, Inc. Derivative Litigation*, No. 2:08-cv-03800-GAF (MANx) (C.D. Cal.) (the "Federal Action") and *Ke v. Margalit, et al.*, No. BC393856 (Cal. Supr. Los Angeles) (the "State Action" and together with the Federal Action, the "Actions").

- 1 -

818812_1

Plaintiffs Warren Rubin IRA, Donald Gautreaux and Jing Ke ("Plaintiffs"), the Individual Defendants,[1] and nominal party MRV (MRV and the Individual Defendants collectively, "Defendants"), have agreed upon terms to settle the Actions and have signed a written Stipulation of Settlement (the "Stipulation") setting forth those settlement terms.

## II.    SUMMARY OF THE ACTION

On June 10, 2008, an action entitled *Warren Rubin, et. al. v. Shlomo Margalit, et al.*, No. 2:08-cv-03800-GAF-RC (the "*Rubin* Action") was filed in the United States District Court for the Central District of California (the "Federal Court"). On August 15, 2008, the second action entitled *Donald Gautreaux v. Shlomo Margalit, et al.*, No. 2:08-cv-05382-SJO-AJW (the "*Gautreaux* Action") was filed in the Federal Court. On July 3, 2008, the action entitled *Ke v. Margalit, et al.*, No. BC393856 (the "State Action") was filed in the Superior Court of the State of California, County of Los Angeles.

On December 1, 2008, the Federal Court consolidated the *Rubin* and *Gautreaux* Actions and styled the consolidated action *In re MRV Communications Derivative Litigation*, No. 2:08-cv-03800-GAF (MANx) (the "Federal Action"). On January 30, 2009, the Federal Plaintiffs filed the Amended Consolidated Verified Complaint (the "Amended Complaint"). On February 8, 2010, State Plaintiff filed his Amended Complaint (the "State Amended Complaint").

The Federal Action and the State Action each allege claims on behalf of MRV against certain current and former officers and directors of MRV, arising from or relating to the alleged improper granting of stock options at MRV.

---

[1]     The Individual Defendants are Noam Lotan, Shlomo Margalit, Shay Gonen, Guy Avidan, Guenter Jaensch, Igal Shidlovsky, Daniel Tsui, Harold W. Furchtgott-Roth and Baruch Fischer.

818812_1

- 2 -

On January 29, 2010, nominal party MRV moved to dismiss the Amended Complaint pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure and Delaware law.  On May 10, 2010, the Federal Court denied MRV's motion to dismiss.  On July 19-20, 2010, the Individual Defendants filed motions to dismiss the Amended Complaint.  On December 27, 2010, the Federal Court granted in part and denied in part the Individual Defendants' motions to dismiss.  On March 22, 2010, MRV filed its demurrer to the State Amended Complaint.  State Plaintiff filed his opposition to the demurrer on May 3, 2010, but MRV later withdrew its demurrer in light of the denial of MRV's motion to dismiss the Federal Action.  On July 28, 2010, the Individual Defendants demurred to the State amended complaint.  These demurrers were denied in part and granted in part by Order dated September 29, 2010.

MRV and the Individual Defendants filed answers to the amended complaints in the Actions in January of 2011.  The parties to the Actions engaged in discovery following the denial of the motions to dismiss and demurrers.  On November 17, 2011, nominal party MRV filed a motion to stay discovery, which the Federal Court denied on December 22, 2011.

On November 8, 2011, the Company's Board of Directors resolved to create a Special Litigation Committee ("SLC") to consider MRV's historical stock option practices, including without limitation the matters asserted in the Actions.  The Board of Directors delegated to the SLC full authority and power to control and determine MRV's response to the Actions and the claims asserted therein. The SLC is currently comprised of Kenneth Traub and Robert M. Pons.  Each of the SLC members is an independent, non-executive director and none of the SLC members is a defendant in the Actions.

Certain parties, including counsel for the Federal Plaintiffs, the State Plaintiff, and MRV, conducted their first mediation session in November 2009.  Certain parties held further mediation sessions in February and June 2010.  The Settling Parties held a

mediation session in June 2012.  In late December 2012, the parties agreed to accept a settlement proposal from the mediator to fully resolve the Actions.

On January 2, 2013, the parties to the Federal Action filed a stipulation with the Federal Court, seeking a stay of discovery during the pendency of the parties' settlement efforts.  The State Action parties filed a similar stipulation on January 2, 2013.  On January 4, 2013, the Federal and State Courts issued orders staying discovery.

## III.    TERMS OF THE PROPOSED DERIVATIVE SETTLEMENT

The principal terms, conditions and other matters that are part of the Settlement, which is subject to approval by the Court, are summarized below.  This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court and may be viewed at www.mrv.com.

The Settlement provides that the Company's D&O liability insurance company will pay MRV $2.5 million in this case.  In addition, MRV and the Plaintiffs have conducted extensive, arm's-length negotiations and have reached agreement regarding various corporate governance issues, including internal controls and procedures at the Company, which include internal controls and procedures that relate to certain of the allegations raised in the Actions. Since the filing of the Actions, the Company has made and/or will be making the corporate governance measures described in Exhibit 1 to the Stipulation, which can be viewed and/or downloaded at www.mrv.com.

MRV and the SLC acknowledge (and the Individual Defendants do not contest herein) that the pendency and prosecution and settlement of the Actions and the litigation efforts of Plaintiffs and their counsel were a material and substantial cause of the benefits described below.  MRV and the SLC acknowledge that the monetary recovery and the adoption of the Corporate Governance Reforms confer a substantial benefit upon MRV.

- 4 -

818812_1

## IV.    DISMISSAL OF ACTIONS AND RELEASE OF CLAIMS

The Stipulation also provides for the entry of judgment dismissing the Actions against MRV and the Individual Defendants with prejudice.  If the Court approves the Settlement as set forth in the Stipulation and it becomes effective pursuant to its terms, MRV, Plaintiffs (acting on their own behalf and derivatively on behalf of MRV), and each of MRV's stockholders (solely in their capacity as MRV stockholders) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with, the defense, settlement or resolution of the Actions against the Released Persons.   MRV, Plaintiffs (acting on their own behalf and derivatively on behalf of MRV) and each of MRV's stockholders (solely in their capacity as MRV stockholders) shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation and/or Judgment entered pursuant thereto.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation. Notwithstanding the foregoing or anything in the Stipulation, the releases shall not in any way relieve MRV of its obligations to the Individual Defendants, including payment of reasonable attorneys' fees and expenses incurred in defense of the Actions.

## V.    PLAINTIFFS' ATTORNEY FEES AND EXPENSES

After negotiation of the principal terms of the Settlement, counsel for Plaintiffs and MRV, acting by and through the SLC, separately negotiated at arm's length the amount of attorneys' fees and expenses to be paid to Plaintiffs' Counsel.  Subject to approval of the Court, the negotiated amount of fees and expenses that the parties

- 5 -

1  have agreed upon is $500,000 in cash and 250,000 freely tradable warrants for MRV's

2  common stock, with a strike price equal to the closing price of MRV's common stock

3  on the date on which the Judgment approving the Settlement becomes Final.  The

4  warrants will be exercisable pursuant to a 'cashless' exercise provision and issued

5  pursuant to the exemption from the registration requirements of the Securities Act of

6  1933 afforded by Section 3(a)(10) thereof.  To date, Plaintiffs' Counsel have not

7  received any payments for their efforts on behalf of MRV stockholders.  The agreed-

8  to fee will compensate Plaintiffs' Counsel for the results achieved in the Actions and

9  the risks of undertaking the prosecution of the Actions on a contingent basis.

## VI.    REASONS FOR THE SETTLEMENT

11        The Settling Parties have determined that it is desirable and beneficial that the

12  Actions, and all of their disputes related thereto, be fully and finally settled in the

13  manner and upon the terms and conditions set forth in the Stipulation.

### A.    Why Did Plaintiffs Agree to Settle?

15        Plaintiffs' Counsel conducted an extensive investigation relating to the claims

16  and the underlying events and transactions alleged in the Action.  Plaintiffs' Counsel

17  have analyzed the evidence adduced during their investigation, and have researched

18  the applicable law with respect to the claims of Plaintiffs and MRV against the

19  Individual Defendants and the potential defenses thereto.

20        Based upon their investigation as set forth above, Plaintiffs and their counsel

21  have concluded that the terms and conditions of the Stipulation are fair, reasonable

22  and adequate to Plaintiffs, MRV and its stockholders, and in their best interests, and

23  have agreed to settle the claims raised in the Actions pursuant to the terms and

24  provisions of the Stipulation after considering, among other things, the substantial

25  benefits that MRV and its stockholders will receive from the Settlement, the uncertain

26  outcome, risks, difficulties, and delays in the continued litigation of the Action and the

27

28

818812_1

- 6 -

1  actions taken by the Company in response to the alleged option backdating issues at

2  MRV.

3      In particular, Plaintiffs and their counsel considered the significant litigation

4  risks inherent in these derivative actions.  The law imposes significant burdens on

5  plaintiffs for pleading and proving a stockholder derivative claim.  While Plaintiffs

6  and their counsel believe their claims are meritorious, Plaintiffs and their counsel

7  acknowledge that there is a substantial risk that the Actions may not succeed in

8  producing a recovery in light of the applicable legal standards and possible defenses.

9  Plaintiffs and their counsel believe that, under the circumstances, they have obtained

10  the best possible relief for MRV and its stockholders.

11      **B.      Why Did the Individual Defendants Agree to Settle?**

12      The Individual Defendants have denied and continue to deny each and all of the

13  claims and contentions alleged by the Plaintiffs in the Actions.  The Individual

14  Defendants expressly have denied and continue to deny all charges of wrongdoing or

15  liability against them arising out of any of the events, conduct, statements, acts or

16  omissions alleged, or that could have been alleged, in the Actions, and contend that

17  many of the factual allegations in the Actions are materially inaccurate.  The

18  Individual Defendants also have denied and continue to deny, *inter alia*, the

19  allegations that the Plaintiffs, MRV or its stockholders have suffered damage, or that

20  the Plaintiffs, MRV or its stockholders were harmed by the conduct alleged in the

21  Actions or otherwise.  The Individual Defendants have further asserted that at all

22  relevant times, they acted in good faith and in a manner they reasonably believed to be

23  in the best interests of MRV and its stockholders.  Pursuant to the terms set forth

24  therein, the Stipulation shall in no event be construed as or deemed to be evidence of

25  an admission or concession by the Individual Defendants with respect to any claim of

26  fault, liability, wrongdoing, or damage whatsoever.

27      Nonetheless, the Individual Defendants have also taken into account the

28  uncertainty and risks inherent in any litigation, especially in complex cases like the

- 7 -

818812_1

1  Actions.  Therefore, they have determined that it is desirable and beneficial that the

2  Actions, and all of the Settling Parties' disputes related thereto, be fully and finally

3  settled in the manner and upon the terms and conditions set forth in this Stipulation.

4  **VII.   FINAL HEARING**

5       On June 10, 2013 at 9:30 a.m., the Court will hold the Final Hearing at the

6  Edward R. Roybal Federal Building, United States Courthouse, Courtroom 740, 255

7  East Temple Street, Los Angeles, California, 90012.  At the Final Hearing, the Court

8  will consider whether the terms of the Settlement are fair, reasonable and adequate,

9  including the agreed-to amount for Plaintiffs' Counsel's attorney fees and expenses,

10  and thus should be finally approved and whether the Federal Action should be

11  dismissed with prejudice pursuant to the Stipulation.

12       Pending final determination of whether the Settlement should be approved, no

13  current MRV stockholder, either directly, representatively, derivatively, or in any

14  other capacity, shall commence or prosecute against any of the Released Persons, and

15  action or proceeding in any court, administrative agency, or other tribunal asserting

16  agency any of the Released Claims.

17  **VIII.  RIGHT TO ATTEND FINAL HEARING**

18       Any current MRV Stockholder may, but is not required to, appear in person at

19  the Final Hearing.  If you want to object at the Final Hearing, then you must first

20  comply with the procedures for objecting, which are set forth below.  The Court has

21  the right to change the hearing dates or times without further notice.  Thus, if you are

22  planning to attend the Final Hearing, you should confirm the date and time before

23  going to the Court.  ***CURRENT MRV STOCKHOLDERS WHO HAVE NO***

24  ***OBJECTION TO THE SETTLEMENT DO NOT NEED TO APPEAR AT THE***

25  ***FINAL HEARING OR TAKE ANY OTHER ACTION.***

26

27

28

818812_1

- 8 -

## IX.  THE PROCEDURES FOR OBJECTING TO THE SETTLEMENT

Any current MRV Stockholder may appear and show cause, if he, she or it has any, why the Settlement of the Actions should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, or why attorneys' fees and expenses shall not be awarded to Plaintiffs' Counsel; provided, however, unless otherwise ordered by the Court, no Current MRV Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the judgment to be entered thereon approving the same, unless that person has, on or before May 27, 2013, filed with the Clerk of the Court and served on the following counsel (delivered by hand or sent by first class mail) appropriate proof of stock ownership, along with written objections-, including the basis therefore, and copies of any papers and briefs in support thereof at the addresses listed below:

### Counsel for Federal Plaintiffs

Jeffrey D. Light
ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301

### Counsel for State Plaintiff

Robin Winchester
KESSLER TOPAZ
 MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087

### Counsel for MRV

Robert A. Sacks
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, CA  90067

Any current MRV Stockholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or

818812_1

- 9 -

1  adequacy of the Settlement as incorporated in the Stipulation, unless otherwise

2  ordered by the Court, but shall otherwise be bound by the Judgment to be entered and

3  the releases to be given.

4  **X.      HOW TO OBTAIN ADDITIONAL INFORMATION**

5          This Notice summarizes the Stipulation.  It is not a complete statement of the

6  events of the Actions or the terms of the Settlement contained in the Stipulation.

7          You may inspect the Stipulation and other papers in the Federal Action at the

8  United States District Clerk's office at any time during regular business hours of each

9  business day.  The Clerk's office is located at the United States District Court for the

10  Central District of California, 312 North Spring Street, Room G-8, Los Angeles,

11  California, 90012-4701. However, you must appear in person to inspect these

12  documents.  The Clerk's office will not mail copies to you.  In addition, this Notice

13  and the Stipulation can be viewed on the Company's website at www.mrv.com.

14          PLEASE DO NOT CALL, WRITE OR OTHERWISE DIRECT QUESTIONS

15  TO EITHER THE COURT OR THE CLERK'S OFFICE.  Any questions you have

16  about matters in this Notice should be directed by telephone or in writing to Plaintiffs'

17  Counsel, c/o Rick Nelson (shareholder relations), Robbins Geller Rudman & Dowd

18  LLP, 655 West Broadway, Suite 1900, San Diego, California 92101-3301, Telephone:

19  1-800-449-4900.

20  DATED:_____, 2013          BY ORDER OF THE COURT
21                                                              UNITED STATES DISTRICT COURT
22                                                              CENTRAL DISTRICT OF CALIFORNIA
                                                                WESTERN DIVISION

23

24

25

26

27

28

818812_1

- 10 -

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  TRAVIS E. DOWNS III (148274)
   JAMES I. JACONETTE (179565)
3  CHRISTOPHER D. STEWART (270448)
   655 West Broadway, Suite 1900
4  San Diego, CA  92101-3301
   Telephone:  619/231-1058
5  619/231-7423 (fax)
   travisd@rgrdlaw.com
6  jamesj@rgrdlaw.com
   cstewart@rgrdlaw.com
7
   THE WEISER LAW FIRM, P.C.
8  ROBERT B. WEISER
   BRETT D. STECKER
9  JEFFREY J. CIARLANTO
   22 Cassatt Avenue
10 Berwyn, PA  19312
   Telephone:  610/225-2677
11 610/408-8062 (fax)

12 Co-Lead Counsel for Plaintiffs

13                     **UNITED STATES DISTRICT COURT**

14                   **CENTRAL DISTRICT OF CALIFORNIA**

15                          **WESTERN DIVISION**

16

17 In re MRV COMMUNICATIONS,        )  Master File No.
18 INC. DERIVATIVE LITIGATION       )     1:08-cv-03800-GAF(MANx)
                                    )
19 _____  )  SHORT FORM NOTICE OF
                                    )  PROPOSED SETTLEMENT
20 This Document Relates To:        )
                                    )  EXHIBIT A-2
      ALL ACTIONS.                  )
21 _____  )

22

23

24

25

26

27

28

818813_1

1  **TO:   ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS
2         OF COMMON STOCK OF MRV COMMUNICATIONS, INC.
       ("MRV" OR THE "COMPANY") AS OF MARCH 1, 2013**

3         PLEASE TAKE NOTICE that the above-captioned stockholder derivative

4  litigation (the "Litigation"), as well as the action in Los Angeles Superior Court

5  entitled *Ke v. Margalit, et al.*, No. BC393856 (collectively, the "Actions"), are being

6  settled on the terms set forth in a Stipulation of Settlement dated March 1, 2013 (the

7  "Stipulation" or "Settlement").[1]  The terms of the Settlement include: (1) the payment

8  by the Company's Directors' and Officers' liability insurers of $2,500,000 to MRV;

9  (2) the adoption and implementation of certain corporate governance enhancements,

10  including measures that relate to and address the underlying issues in the Actions,

11  which are identified in Exhibit 1 to the Stipulation; and (3) MRV's payment to

12  Plaintiffs' Counsel of $500,000 cash and freely tradable warrants to purchase 250,000

13  shares of MRV's common stock as attorneys' fees and expenses (such warrants to be

14  exercisable pursuant to a 'cashless' exercise provision and issued pursuant to the

15  exemption from the registration requirements of the Securities Act of 1933 afforded

16  by Section 3(a)(10) thereof).

17         IF YOU WERE A RECORD OR BENEFICIAL OWNER OF MRV

18  COMMON STOCK AS OF MARCH 1, 2013, PLEASE READ THIS NOTICE

19  CAREFULLY AND IN ITS ENTIRETY AS YOUR RIGHTS MAY BE AFFECTED

20  BY PROCEEDINGS IN THE LITIGATION.

21         On June 10th, 2013, at 9:30 a.m., a hearing (the "Settlement Hearing") will be

22  held before the United States District Court for the Central District of California,

23  Western Division, 312 North Spring Street, Los Angeles, California 90012, to

24  determine: (1) whether the terms of the Settlement, including the requested attorneys'

25  _____

26  [1]     This notice should be read in conjunction with, and is qualified in its entirety by
reference to, the text of the Stipulation, which has been filed with the Federal Court
27  and is available at www.mrv.com.  All capitalized terms herein have the same
meanings as set forth in the Stipulation.

28

- 1 -

818813_1

1   fees and expenses, should be approved as fair, reasonable and adequate; and (2)

2   whether the Actions should be dismissed on the merits and with prejudice.

3          Any stockholder of MRV that objects to the Settlement of the Actions shall

4   have a right to appear and to be heard at the Settlement Hearing, provided that he or

5   she was a stockholder of record or beneficial owner as of March 1, 2013.  Any

6   stockholder of MRV who satisfies this requirement may enter an appearance through

7   counsel of such stockholder's own choosing and at such member's own expense or

8   may appear on their own.  However, no stockholder of MRV shall be heard at the

9   Settlement Hearing unless no later than 21 days before the date of the Settlement

10  Hearing (fill in specific date), such stockholder has filed with the Court and delivered

11  to Counsel for Plaintiffs and MRV's counsel, a written notice of objection, their

12  ground for opposing the Settlement, and proof of both their status as a stockholder and

13  the dates of stock ownership in MRV.  Only stockholders who have filed and

14  delivered valid and timely written notices of objection will be entitled to be heard at

15  the Settlement Hearing unless the Court orders otherwise.

16         If you wish to object to the Settlement, you must file a written objection setting

17  for the grounds for such an objection with the Court on or before May 27th, 2013 with

18  service on the following parties:

19                  ***Counsel for Federal Plaintiffs***

20          Jeffrey D. Light
            ROBBINS GELLER RUDMAN
21            & DOWD LLP
            655 West Broadway, Suite 1900
22          San Diego, CA  92101-3301

23                  ***Counsel for State Plaintiff***

24          Robin Winchester
            KESSLER TOPAZ
25            MELTZER & CHECK, LLP
            280 King of Prussia Road
26          Radnor, PA  19087

27

28

818813_1

1

*Counsel for MRV*

2

Robert A. Sacks
SULLIVAN & CROMWELL LLP

3

1888 Century Park East, Suite 2100
Los Angeles, CA  90067

4

5    Any MRV stockholder as of March 1, 2013, who does not make her, her or its

6  objection in the manner provided herein shall be deemed to have waived such

7  objection and shall be forever foreclosed from making any objection to the fairness,

8  reasonableness or adequacy of the Settlement as incorporated in the Stipulation and/or

9  to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise

10  ordered by the Court, but shall otherwise be bound by the Judgment to be entered and

11  the releases to be given.

12

13    Inquiries may be made to Plaintiffs' Counsel: Rick Nelson, c/o Shareholder

Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900,

14

San Diego, CA 92101; telephone 800-449-4900.

15

16  **PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

17

DATED _____, 2013    BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT

18

CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

19

20

21

22

23

24

25

26

27

28

818813_1

- 3 -