LINK: 280

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 08-3800 GAF (MANx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Warren Rubin et al v. Shlomo Margalit et al --- (IN RE MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION) | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**          **(In Chambers)**

**ORDER RE: PRELIMINARY APPROVAL OF DERIVATIVE ACTION SETTLEMENT**

I.
INTRODUCTION

   This consolidated shareholder derivative action arises out of alleged option backdating practices by a number of high-ranking officers and directors of MRV Communications, Inc. ("MRV" or the "Company").  On March 1, 2013, Plaintiffs Warren Rubin and Donald Gautreaux ("Federal Plaintiffs"), on behalf of themselves and derivatively on behalf of MRV, Plaintiff Jing Ke ("State Plaintiff") on behalf of himself and derivatively on behalf of MRV, the Individual Defendants, and nominal party MRV have entered into a Stipulation of Settlement (the "Proposed Settlement") of this action.  (Docket No. 284.)

   Plaintiffs' now move for preliminary approval of the derivative settlement.  (Docket No. 280.)  The Federal Plaintiffs and the Special Litigation Committee ("SLC") of MRV's Board of Directors have both filed memoranda in support of the motion.  (Docket Nos. 281, 287.)  Additionally, and although not discussed in the memoranda of points and authorities, the Proposed Settlement indicates that Plaintiffs seek "approval for the distribution of notice to MRV stockholders in the form attached as Exhibits A-1 ("Long Form Notice") and A-2 ("Short Form Notice").  (Docket No. 287 [Proposed Settlement] at 12.)  Defendants have filed no opposition to the motion.  Because the Court concludes that the Proposed Settlement is sufficiently "fair, reasonable, and adequate" to fall within the "range of possible approval,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 08-3800 GAF (MANx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Warren Rubin et al v. Shlomo Margalit et al --- (IN RE MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION) | | |

Plaintiffs' motion is **GRANTED**.

## II.
## PROPOSED SETTLEMENT

The Proposed Settlement is "the result of extensive arm's-length negotiations" between the parties "with the assistance of neutral mediators." (Docket No. 281 [Rubin and Gautreaux Memorandum in Support of Motion for Preliminary Approval ("P. Mem.")] at 1.) And the Proposed Settlement "resolves the derivative claims pending in this Court (the "Federal Action") as well as in the derivative action filed on behalf of MRV against certain of the Individual Defendants in [Los Angeles County] Superior Court." (Id.) As a condition of the Settlement, "MRV will receive $2.5 million in cash, as well as adopt a series of corporate governance enhancements designed to address the misconduct alleged" in the actions. (Id.)

The contemplated corporate governance enhancements are numerous and some have already been implemented. Thus, the Proposed Settlement provides that "MRV shall adopt and/or maintain the following governance enhancements: (1) the resignation of "[a]ll directors who served on the Compensation Committee during any year where there is evidence of Board or Compensation Committee approval of options backdating"; (2) the addition of "new experienced members to the Board of Directors to improve the corporate governance and oversight of the Company"; (3) other changes to the board of directors, including separation of the positions of CEO and Chairman and the adoption of "Director Independence Standards"; (4) the amendment of the Bylaws to provide that a standing director in an uncontested election is required to receive a majority of the votes cast to retain his or her directorship"; (5) changes to the Compensation Committee, Audit Committee, and Nomination and Governance Committee; (6) changes to MRV management, including replacement of the Chief Financial Officer, creation of an In-House General Counsel position, and engagement of a third-party provider; (7) changes to MRV's stock option granting practices, including engagement of "Financial Intelligence, an outside stock plan administrator, which oversees and reviews compliance of the option and share-based compensation granting and recording process"; (8) mandatory director and employee education sessions "regarding the roles and responsibilities of directors on a public company board"; (9) changes to executive compensation practices, including implementation of an insider trading policy and a "clawback policy" requiring MRV to seek repayment "of certain bonus payments and cash incentives" under a number of circumstances; (10) the implementation of an "MRV Code of Conduct, Corporate Governance and Internal Controls"; (11) the adoption of two stockholder proposals from MRV's 2012 annual meeting—one, the elimination of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 08-3800 GAF (MANx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Warren Rubin et al v. Shlomo Margalit et al --- (IN RE MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION) | | |

sublimit of the number of shares of common stock that may be used for restricted shares and performance and other stock-based awards, and two, the effectuation of a reverse stock split; (12) "the MRV Board shall make reasonable efforts to seek relisting of MRV common stock on the NASDAQ"; and (13) the adoption of a Transaction Authority Matrix ("TAM") which is designed "to ensure review of transactions at appropriate levels." (See id. at 5–20.)

In addition, "[a]fter negotiating the principal terms of the Settlement, Plaintiffs' Counsel and the SLC, with the substantial assistance of the mediator, separately negotiated the amount of attorneys' fees and expenses to be paid to Plaintiffs' Counsel." (Id. at 25.) These negotiations resulted in MRV agreeing that "Plaintiffs' Counsel shall be paid $500,000 in cash, in addition to 250,000 freely tradable warrants to purchase 250,000 shares of MRV's common stock, in recognition of the substantial benefits conferred upon the company." (Id. at 25.)

Finally, the Notices proposed by the parties will provide MRV's shareholders with appropriate information about (1) the terms and conditions of the Proposed Settlement; (2) the payment of Plaintiffs' attorneys' fees and expenses; (3) the facts that caused the parties and counsel to conclude the Proposed Settlement was fair, reasonable, and adequate, and in the best interests of the corporation; (4) the procedure for objecting to the Proposed Settlement; and (5) the date, place, and time of the Final Approval Hearing. (Proposed Settlement, Exs. A–1, A–2.) In addition, the parties have stipulated that "[n]ot later than ten (10) business days following the entry of the preliminary approval order, MRV shall cause the Stipulation and Long Form Notice to be filed with the Securities and Exchange Commission on Form 8–K, publish the Short Form Notice one-time [sic] in Investor's Business Daily, and shall post the Long Form Notice and Stipulation on its website." (Id. at 12.)

## III.
## DISCUSSION

**A. PRELIMINARY APPROVAL OF SETTLEMENT**

Rule 23.1 of the Federal Rules of Civil Procedure provides that the claims of a derivative action shall be settled or compromised only with the court's approval. The rule provides:

> A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 08-3800 GAF (MANx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Warren Rubin et al v. Shlomo Margalit et al --- (IN RE MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION) | | |

court orders.

Fed. R. Civ. P. 23.1(c). Although there does not appear to be any authority directly on point, the approval appears to be a two-step process, similar to the process for approving class action settlements, in which the Court first determines whether a proposed settlement deserves preliminary approval and then, after notice is given, whether final approval is warranted. See Maher v. Zapata Corp., 714 F.2d 436, 448, 450 et seq. (5th Cir. 1983); see also Nat'l Rural Telecomms. Coop. v. DirecTV, Inc., 221 F.R.D. 523, 525 (C.D. Cal. 2004). This Order pertains to a preliminary approval; "[c]loser scrutiny is reserved for the final approval hearing." Harris v. Vector Marketing Corp., No. C-08-5198 EMC, 2011 WL 1627973 (N.D. Cal. April 29, 2011).

     At this stage the Court must assess whether the settlement is the product of overreaching or collusion by or between the negotiating parties, and whether the settlement taken as a whole "is fundamentally fair, adequate and reasonable." Officers for Justice v. Civil Service Comm'n, 688 F.2d 615, 625 (9th Cir. 1982) (Rule 23 case). More particularly, the central concern of judicial supervision at this stage of the settlement process is to ensure that "(1) the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, (2) has no obvious deficiencies, (3) does not improperly grant preferential treatment to class representatives or segments of the class, and (4) falls with the range of possible approval." In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (numbers added).

     In the Ninth Circuit, district courts consider at least eight factors in determining whether a proposed class-action settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003); Officers for Justice, 688 F.2d at 615. These factors include: (1) the strength of Plaintiff's case; (2) "the risk, expense, complexity, and likely duration of further litigation"; (3) "the risk of maintaining class action status throughout the trial"; (4) "the amount offered in settlement"; (5) the extent of discovery completed and the stage of the legal proceedings; (6) the experience and opinions of counsel; (7) whether a governmental entity is a participant in the proceedings; and (8) the reaction of the class to the proposed settlement. Staton, 327 F.3d at 959. However, these factors are not exhaustive, and courts have not identified which factors are more salient to the analysis; rather, the relative weight afforded each factor varies on a case-by-case basis. Officers for Justice, 688 F.2d at 625.

     The proposed settlement must also fall within the "range of possible approval." Tableware, 484 F. Supp. 2d at 1079. Determining whether a settlement falls within this "range" typically involves a balancing of the plaintiff's "expected recovery . . . against the value of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 08-3800 GAF (MANx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Warren Rubin et al v. Shlomo Margalit et al --- (IN RE MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION) | | |

settlement offer." See Tableware, 484 F. Supp. 2d at 1079; Vasquez, 670 F. Supp. 2d at 1125. In short, the fundamental inquiry is "substantive fairness and accuracy." Vasquez, 670 F. Supp. 2d at 1125 (quoting Tableware, 484 F. Supp. 2d at 1079).

Having considered the Proposed Settlement, the Court concludes it should be approved. It is not the product of fraud or overreaching; it lacks any obvious deficiencies; it does not give any improperly preferential treatment to Plaintiffs; and it falls within the range of possible approval. The factors and considerations that support this conclusion are discussed in turn.

### 1. THE PROPOSED SETTLEMENT IS "FAIR, REASONABLE, AND ADEQUATE"

There is no evidence of fraud, overreaching, or collusion amongst the parties, and the settlement lacks any obvious deficiencies. Plaintiffs urge that "the Settlement was reached after extensive arm's-length negotiations between and among counsel for the Settling Parties, with the substantial assistance of neural [sic] mediators, and provides substantial benefits to the Company while eliminating the expense, risk, and delay inherent in such complex litigation." (P. Mem. at 22; see Declaration of Mediator Jed D. Melnick in Support of Approval of Derivative Settlement ("Melnick Decl.") ¶¶ 3, 9, 12; see also In re Apple Computer, Inc. Deriv. Litig., No. 06-cv-4128, 2008 WL 4820784, at *3 (N.D. Cal. Nov. 5, 2008) (noting that the participation of a mediator in settlement negotiations "weighs considerably against any inference of a collusive settlement").

And the approval of the Proposed Settlement by the neutral SLC is an additional indication that it is free from the taint of collusion. "At all times, the members of the SLC have been independent MRV directors who were not defendants in any of the derivative litigation." (Docket No. 287 [Intervenor Special Litigation Committee's Memorandum in Support of Motion for Preliminary Approval ("SLC Mem.")] at 4 (citing Declaration of Robert Pons ("Pons Decl.") ¶¶ 8, 19; Declaration of Kenneth Traub ("Traub Decl.") ¶¶ 9, 20).) And the SLC "believes that the proposed settlement, and each of its terms, comports with the applicable standard for approval of a derivative settlement under controlling Ninth Circuit law, namely, that 'the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.'" (Id. at 2 (quoting Officers for Justice, 688 F.2d at 625)) In light of the involvement of mediators and the SLC, the Court is satisfied that there is no basis for concluding that the negotiations were the subject of overreaching or collusion.

The Court also finds that the terms of the Proposed Settlement are reasonable. The parties have agreed that (1) MRV will receive $2.5 million in cash and (2) adopt the series of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 08-3800 GAF (MANx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Warren Rubin et al v. Shlomo Margalit et al --- (IN RE MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION) | | |

previously-described corporate governance enhancements designed to address the misconduct alleged in the suits. (See Proposed Settlement §§ 2.2, 2.3.) The Court agrees that "[a]s a direct result of the Settlement, MRV is positioned to reap the benefits of strong corporate governance, while reducing the risks of alleged disclosure violations in the future." (P. Mem. at 1.)

The Proposed Settlement also provides that MRV will pay Plaintiffs' Counsel "$500,000 in cash and 250,000 freely tradable warrants to purchase 250,000 shares of MRV's common stock." (Id. at 2 (citing Proposed Settlement § 5.1).) As these fees were negotiated "through the Special Litigation Committee ("SLC"), with the assistance of a neutral mediator," the Court is satisfied that this aspect of the Proposed Settlement is reasonable as well. (Id.)

**2. THE PROPOSED SETTLEMENT "FALLS WITHIN THE RANGE OF POSSIBLE APPROVAL"**

As a preliminary matter, the Court notes that the third factor set forth by the Ninth Circuit in Staton, the risk of maintaining class status throughout trial, and the seventh factor, whether a governmental entity is part of the proceedings, are not at issue in this case. The eighth factor is also not at issue as MRV's shareholders have not yet received notice of the Proposed Settlement.

Both Plaintiffs and the SLC urge that the first and second factors—the strength of the Plaintiffs' case and "the risk, expense, complexity, and likely duration of further litigation"—clearly demonstrate that preliminary approval of the settlement is appropriate. In their memorandum, Plaintiffs Rubin and Gautreaux insist that "[h]ad Plaintiffs continued to litigate their claims against the Individual Defendants, there was a risk that they would not have been successful on one or more motions for summary judgment filed by the Individual Defendants, or other pre-trial motions designed to curtail Plaintiffs' claims." (Id. at 24.) Furthermore, they acknowledge that even if they "were successful and some or all of their existing claims survived summary judgment, continued discovery and litigation would have been complex, costly, and of substantial duration." (Id.) Rubin and Gautreaux thus urge preliminary approval of the Settlement, as it "eliminates these and other risks of continued litigation, including the very real risks arising from no recovery after several more months of litigation, while providing MRV substantial benefits." (Id. (citing Officers for Justice, 688 F.2d at 625))

Similarly, "[t]he SLC determined that continued litigation would be costly and the results uncertain. In contrast, the SLC was able to recommend terms of a settlement that provide the Company and its stockholders with certainty." (SLC Mem. at 12.) Thus, the first two Staton

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 08-3800 GAF (MANx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Warren Rubin et al v. Shlomo Margalit et al --- (IN RE MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION) | | |

factors both counsel in favor of approving the settlement.

Moreover, the fourth, fifth, and sixth Staton factors also favor approval of the Settlement. The Settlement confers benefits upon MRV and its shareholders in the form of a $2.5 million payment, in addition to the numerous corporate governance enhancements described in detail above. (See P. Mem. at 1, 5–20.) Additionally, while Plaintiffs engaged in extensive research and review during the discovery process, the proceedings never moved beyond the pre-trial stage. Finally, "Plaintiffs' Counsel have extensive experience in the area of shareholder representative litigation" and have "used their expertise and experience to effectively and efficiently prosecute the Actions and reached a fair and reasonable result for MRV." (Id. at 25; see also DirecTV, 221 F.R.D. at 528 (noting that the opinions of counsel "who are most closely acquainted with the facts of the underlying litigation" are entitled to "great weight").

In conclusion, analysis of the Staton factors supports the preliminary approval of the Proposed Settlement.

**B. NOTICE**

Rule 23.1(c) requires the parties in a derivative action give notice of a proposed settlement "in a manner that the court orders." Fed. R. Civ. P. 23.1(c).

Here, the proposed "Short Form" Notice includes (1) a summary of the terms and conditions of the Proposed Settlement; (2) the payment of Plaintiffs' attorneys' fees and expenses; (3) the procedure for objecting to the Proposed Settlement; and (4) the date, place, and time of the Settlement Hearing. (Proposed Settlement, Ex. A–2 [Short Form Notice].) The "Long Form" Notice includes all of the aforementioned information, but also includes a detailed discussion of the facts and considerations that caused the parties and counsel to conclude the Proposed Settlement is fair, reasonable, and adequate. (Id., Ex. A–1 [Long Form Notice].)

In addition, the parties have stipulated that "[n]ot later than ten (10) business days following the entry of the preliminary aproval order, MRV shall cause the Stipulation and Long Form Notice to be filed with the Securities and Exchange Commission on Form 8–K, publish the Short Form Notice one-time [sic] in Investor's Business Daily, and shall post the Long Form Notice and Stipulation on its website." (Id. at 12.) The Court is satisfied that, under the circumstances surrounding the negotiation and resolution of the disputes, this notice is appropriate and adequate.

LINK: 280

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 08-3800 GAF (MANx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Warren Rubin et al v. Shlomo Margalit et al --- (IN RE MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION) | | |

# IV.
# CONCLUSION

In light of the foregoing, Plaintiffs' motion is **GRANTED**. The proposed notices and settlement are preliminarily **APPROVED**. In accordance with the proposed schedule of events provided by Plaintiffs, the Court hereby establishes the following **SCHEDULE**:

- Summary Notice of Settlement Published in <u>Investor's Business Daily</u>: **10 days after Court enters the Notice Order preliminarily approving Settlement ("Notice Date")**
- Filing of Notice of Proposed Settlement and Stipulation via a Form 8-K with the SEC: **On the Notice Date**
- Posting of Notice of Proposed Settlement on MRV's website: **On the Notice Date**
- Filing of Final Approval paper: **May 16, 2013**
- Last day for MRV shareholders to comment on the Settlement: **May 27, 2013**
- Settlement Hearing: **June 10, 2013, 9:30am (PST)**

**IT IS SO ORDERED.**