WILMER CUTLER PICKERING
   HALE & DORR LLP
David C. Marcus (SBN 158704)
david.marcus@wilmerhale.com
Christopher T. Casamassima (SBN 211280)
chris.casamassima@wilmerhale.com
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 443-5312

*Attorneys for the Special Litigation
Committee of the Board of Directors
of MRV Communications, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| In re MRV COMMUNICATIONS, INC. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>   ALL ACTIONS. | Master File No.<br>  1:08-cv-03800-GAF(MANx)<br><br>**SPECIAL LITIGATION COMMITTEE OF THE BOARD OF DIRECTORS OF MRV COMMUNICATIONS, INC.'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF DERIVATIVE SETTLEMENT**<br><br>Hearing Date: June 10, 2013<br>Time: 9:30 a.m.<br>Courtroom: 740<br>Judge: Hon. Gary A. Feess |

- 1 –
**MRV SLC'S MEMO ISO OF MOTION FOR FINAL APPROVAL OF STIPULATION OF SETTLEMENT**

# INTRODUCTION

The Special Litigation Committee ("SLC") of the Board of Directors of MRV Communications, Inc. ("MRV" or the "Company") submits this brief in support of the motion of plaintiffs Warren Rubin IRA and Donald Gautreaux ("Federal Plaintiffs"), dated May 16, 2013, for final approval of the Stipulation of Settlement (the "Settlement") to resolve this Action.[1] The SLC endorses the position expressed in the Federal Plaintiffs' memorandum of law in support of their motion. The SLC writes separately to emphasize its view that the Settlement is fair, reasonable and adequate and in the best interests of MRV and its stockholders. The SLC's view is based on the results of its independent, good faith investigation and its direct involvement in negotiating the terms of the Settlement.

The SLC, having conducted an independent, good faith investigation, has concluded that the Settlement, including each of its terms, is fair, reasonable, and in the best interests of MRV and its stockholders. The proposed settlement provides that MRV will receive $2.5 million in cash from its director and officer liability insurers. It also enables MRV to achieve cost savings from the avoidance of future legal expenses. In addition, the Settlement memorializes the important corporate governance reforms MRV has already undertaken to its stock option granting program and details additional governance reforms that the SLC has recommended and MRV is already in the process of implementing.

For the reasons set forth herein, along with those set forth in the SLC's Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of the

---

[1] The Stipulation of Settlement was entered into among Federal Plaintiffs, on behalf of themselves and derivatively on behalf of MRV; defendants Noam Lotan, Shlomo Margalit, Shay Gonen, Guy Avidan, Guenter Jaensch, Igal Shidlovsky, Daniel Tsui, Harold W. Furchtgott-Roth and Baruch Fischer (the "Individual Defendants"); nominal defendant MRV; and plaintiff Jing Ke ("State Plaintiff") on behalf of himself and derivatively on behalf of MRV.

- 1 –

**MRV SLC'S MEMO ISO OF MOTION FOR APPROVAL OF STIPULATION OF SETTLEMENT**

Stipulation of Settlement, dated March 21, 2013 ("First SLC Mem."), Dkt. No. 287, and the declarations of SLC members Kenneth Traub, dated March 20, 2013 ("Traub Decl.") and Robert Pons, dated March 20, 2013 ("Pons Decl."), Dkt. Nos. 287-1 and 287-2, filed with this Court on March 21, 2013, the SLC urges the Court to issue a final order approving the Stipulation of Settlement as fundamentally fair, reasonable, and adequate, and in the best interests of MRV and its stockholders.

## FACTUAL BACKGROUND

The SLC adopts and incorporates by reference the facts as set forth in the First SLC Memorandum (First SLC Mem. at 2-8), supplemented by the facts set forth below.

### I. The SLC Investigation

The SLC was formed on November 8, 2011 pursuant to a resolution of the MRV Board of Directors. (First SLC Mem. at 3-4.) Beginning in or about May 2012, the SLC began an investigation into the facts and circumstances of MRV's stock option program. (*Id.* at 6.) The SLC, led by Messrs. Traub and Pons and with the assistance of WilmerHale, conducted a detailed legal and factual analysis of each claim asserted against each named defendant. (*Id.* at 6-7.)

### II. The Stipulation of Settlement

As a result of its investigation, the SLC determined that the interests of MRV and its stockholders will be best served by resolving the stockholder derivative litigation on the terms reflected in the Stipulation of Settlement. (*Id.* at 7-8.) The SLC engaged in extensive negotiations with all parties to the federal and state stockholder derivative litigations, party-appointed mediator Jed Melnick, and MRV's insurance carriers. (*Id.* at 8.) The Stipulation of Settlement is a direct result of these negotiations. (*Id.*)

During the course of this litigation, MRV implemented and agreed to implement corporate governance changes in response to proposals made by

plaintiffs' counsel. (*Id.*) Additional important corporate governance reforms have been included in the terms of the Settlement. (*Id.*)

### III. Relevant Procedural History

On March 21, 2013, the parties filed a stipulation seeking leave to allow the SLC to file the First SLC Memorandum and to participate in hearings concerning settlement of this Action. (Dkt. No. 285.) On March 26, 2013, the Court granted the SLC leave to intervene. (Dkt. No. 286) On April 8, 2013, the Court granted an order preliminarily approving the Settlement. (Dkt. No. 289.) The Court required the company to publish the Summary Notice of Proposed Settlement in *Investor's Business Daily*, to file a the Notice of Preliminary Settlement along with the Settlement with the SEC on a Form 8-K, and to post a Notice of Proposed Settlement on MRV's website. The company has complied with each of these notice requirements. (*See* Declaration of James I. Jaconette dated May 16, 2013 ("Jaconette Decl."), Dkt. No. 300, ¶39.)

## ARGUMENT

### I. The Settlement is Fair, Reasonable and Adequate and Should Be Approved

The SLC supports Federal Plaintiffs' motion for final approval of the Settlement on the grounds that the record before the Court establishes that the Settlement, including each of its terms, is "fair, reasonable, and adequate" to MRV and its stockholders. *In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

In determining whether a derivative settlement is fair, reasonable, and adequate, courts consider factors such as "potential risks and costs" of further litigation, including "costs associated with continued litigation, potential liability and exposure to damages, and the distraction that arises as a result of litigation," financial benefits to the company as a result of settlement, whether a company has

1 undertaken "corporate governance policies and changes," as well as opinions of counsel regarding the appropriateness of settlement. *In re NVIDIA Corp. Deriv. Litig.*, 2008 WL 5382544, at *1-4 (N.D. Cal. Dec. 22, 2008).

The proposed Settlement is fair, reasonable and adequate in part because it provides financial benefits that the SLC believes will be meaningful to MRV and its stockholders. The Settlement will provide MRV with $2.5 million in cash from its director and liability insurers. *See e.g. In re NVIDIA Corp. Deriv. Litig.*, 2008 WL 5382544, at *1 (cash payment to company weighed in favor of approval of derivative settlement). It will also provide MRV with cost savings from the avoidance of future legal expenses, including advancement of fees to indemnified defendants and MRV's own legal fees incurred in its capacity as a nominal party to the derivative litigation. *See, e.g. id.*, at *3 ("[t]he Settlement eliminates . . . risks of continued litigation, including the very real risk of no recovery after several years of litigation. . . . Indeed, the Ninth Circuit, in affirming the district court's approval of settlement of a derivative action noted that the "odds of winning [a] derivative lawsuit [are] extremely small" because "derivative lawsuits are rarely successful") (*citing In re Pac. Enters. Sec. Litig.*, 47 F.3d at 378).

The proposed Settlement is also fair, reasonable and adequate because it requires MRV to implement corporate governance reforms that will be meaningful for MRV and its stockholders. Critical to the SLC's endorsement of these reforms, however, is the SLC's view that implementation will not require a disruption of the Company's business. (Pons Decl. ¶¶ 25, 27; Traub Decl. ¶¶ 26, 28.) Indeed, the SLC has determined that many of the corporate governance reforms it would have recommended, including changes to the Company's stock option granting program and to personnel, had already been implemented by the Company. (*See* Pons Decl.

**MRV SLC'S MEMO ISO OF MOTION FOR APPROVAL OF STIPULATION OF SETTLEMENT**

1  ¶¶ 24, 27; Traub Decl. ¶¶ 25, 28)[2]; s*ee also, e.g., In re NVIDIA Corp. Deriv. Litig.*,
2  2008 WL 5382544, at *3 ("Courts have recognized that corporate governance
3  reforms such as those achieved here provide valuable benefits to public
4  companies."). This was a factor weighing in favor of the SLC's conclusion to
5  resolve the derivative actions. The SLC made additional recommendations for
6  corporate governance reforms that the Company is already in the process of
7  implementing. (*See* Pons Decl. ¶¶ 24, 27; Traub Decl. ¶¶ 25, 28.) The SLC
8  believes that the derivative litigation has, in this particular case, proven an
9  effective mechanism for achieving these results. (*See* Pons Decl. ¶ 26; Traub Decl.
10 ¶ 27.)

Resolving the litigation on the favorable terms reflected in the Settlement will also enable MRV to focus its resources exclusively on operations, without the uncertainty of protracted litigation. MRV and its stockholders will benefit from "the intangible benefit of finality" by resolving derivative litigation that has dragged on for many years at great expense. *See In re Oracle Sec. Litig.*, 852 F.Supp. 1437, 1444 (N.D. Cal. 1994) (endorsing SLC recommendation to resolve litigation).

Finally, the SLC notes that it is aware of no objection raised by any stockholder or other party to the Settlement.

## II.   The Court Should Defer to the Parties' Agreement Because There Is No Evidence of Fraud, Overreaching, or Collusion

This Circuit has endorsed a policy of deference to "private consensual agreements negotiated between the parties," including with respect to settlements of derivative lawsuits. *HCL Partners Ltd. P'ship v. Leap Wireless Int'l Inc.*, 2010

---

[2] A complete list of the required reforms is attached to the Stipulation of Settlement as exhibit A.

- 5 –

**MRV SLC'S MEMO ISO OF MOTION FOR APPROVAL OF STIPULATION OF SETTLEMENT**

WL 4027632, at *2 (S.D. Cal. Sept. 14, 2010) (quoting *Officers for Justice v. Civil Serv. Comm'n of City and Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1992)). Courts should limit their "intrusion…to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Id.* No such fraud, overreaching or collusion was present in the negotiation of the Settlement.

The SLC is not a party to this Action but was involved in negotiating the terms of the Settlement. (*See* Traub Decl. ¶ 27; Pons Decl. ¶ 26; Declaration of Jeffrey B. Rudman dated January 3, 2013 ("Rudman Decl."), Dkt. No. 276, ¶2.) Those negotiations included counsel for Federal Plaintiffs, State Plaintiffs, the Individual Defendants and MRV, party-appointed mediator Jed Melnick, and MRV's insurance carriers. (*See id.*) The involvement of the SLC and party-appointed mediator Jed Melnick provided a check on any potentially inappropriate conduct. Mr. Melnick has stated that the Settlement "was the result of a rigorous arm's-length negotiation conducted in a careful, fair and reasonable manner, and in good faith." (Declaration of Jed D. Melnick, dated March 1, 2013 ("Melnick Decl."), Dkt. No. 283, ¶ 12.) The SLC endorses this position.

### III. The Court Should Approve the Derivative Settlement

The SLC urges the Court to approve the derivative settlement. This position is supported by the SLC's independent, good faith investigation of the facts and circumstances relating to the claims asserted in this Action. (*See* First SLC Mem. at 9-13.)

As set forth in the First SLC Memorandum, which the SLC incorporates by reference, the SLC conducted an independent, good faith investigation of the facts and circumstances relating to the claims asserted in this derivative stockholder litigation. (First SLC Mem. at 9-13.) This independent investigation led the SLC to recommend settlement of the derivative litigation rather than continuing with

- 6 –

**MRV SLC'S MEMO ISO OF MOTION FOR APPROVAL OF STIPULATION OF SETTLEMENT**

1 litigation that would be costly and uncertain. The SLC then participated in
2 negotiations that led to the Settlement and was intimately involved in crafting the
3 terms of the settlement, including specific corporate governance reforms.

4 In this Circuit, where an "SLC has acted with the independence required by
5 Delaware law" and reached "conclusions with respect to the derivative settlement
6 satisfy the business judgment rule, the proposed derivative settlement should . . . be
7 approved." *In re Oracle Sec. Litig.*, 852 F. Supp. at 1441 (citing *Zapata Corp. v.
8 Maldonado*, 430 A.2d 779, 789 (Del. 1981)). MRV's SLC meets this standard,
9 and the record supports the SLC's position that the Settlement is fair, adequate, and
10 reasonable. *See In re Oracle Sec. Litig.*, 852 F. Supp. at 1444 (endorsing SLC
11 recommendation to settle lawsuit as "well-reasoned and supported by the record,"
12 and satisfying the business judgment rule).

## CONCLUSION

For the reasons stated above, along with those set forth in the First SLC Memorandum, the SLC respectfully requests that the Court grant Plaintiffs' Motion for Final Approval of Derivative Settlement.

Respectfully submitted,

Dated: May 16, 2013

By: /s/ David C. Marcus
    David C. Marcus
    Christopher T. Casamassima
    WILMER CUTLER PICKERING
      HALE & DORR LLP

*Attorneys for the Special Litigation Committee of the Board of Directors of MRV Communications, Inc.*

– 7 –
**MRV SLC'S MEMO ISO OF MOTION FOR APPROVAL OF STIPULATION OF SETTLEMENT**